Argued and submitted June 24, affirmed July 23, 1980

# DEPARTMENT OF REVENUE,
*Respondent,*

*v.*

# GREAVES, et ux,
*Appellants.*

(TC 1378, SC 26873)

614 P2d 100

Donald W. Greaves, Medford, filed the brief and argued the cause pro se.

Walter J. Apley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James M. Brown, Attorney General.

PER CURIAM.

## PER CURIAM.

The Department of Revenue petitioned the Oregon Tax Court for a writ of mandamus, pursuant to ORS 314.365,[1] commanding appellants to file individual income tax returns for the years 1977 and 1978. Defendants resisted issuance of the writ on various constitutional grounds.[2] The tax court rejected these contentions. Finding from the evidence that there were reasonable grounds to believe that defendants had taxable income in those years, the court issued a peremptory writ, and defendants appeal.

■■ Appellants' main contention pressed in this court is that a writ of mandamus commanding a taxpayer to file a tax return compels him to incriminate himself contrary to the federal fifth amendment.[3]

Although the mandamus proceeding is not itself a criminal prosecution, it is true, as defendant

---

[1] ORS 314.365:

"If a taxpayer fails to file a return within 60 days of the time prescribed by any law imposing a tax upon or measured by net income, the judge of the Oregon Tax Court, upon petition of the department, or of any 10 taxable residents of the state, shall issue a writ of mandamus requiring the person to file a return. The order of notice upon the petition shall be returnable not later than 10 days after the filing of the petition. The petition shall be heard and determined on the return day or on such day thereafter as the court shall fix, having regard to the speediest possible determination of the case, consistent with the rights of the parties. The judgment shall include costs in favor of the prevailing party. An appeal may be taken from the judgment by the taxpayer or the department to the Supreme Court in the manner that appeals are taken in suits in equity, irrespective of the amounts involved. All writs and processes may be issued from the office of the clerk of the tax court, and, except as otherwise provided in this section, shall be returnable as the court shall order."

[2] Petitioner Donald W. Greaves, appearing pro se, argued that the alternative writ should be dismissed because the state can proceed against individuals only by criminal prosecutions and not by civil proceedings. As a general proposition, this is an obvious misunderstanding. As applied to the present case, the state has not accused defendants of an offense or proposed to have them punished; it invoked the statutory procedure for commanding a future action, the filing of tax returns.

[3] U.S. Const. amend. V provides: ". . . nor shall any person . . . be compelled in any criminal case to be a witness against himself, . . ." In advance of a question under the fifth amendment, Or Const art I, § 12 guarantees that "[n]o person shall . . . be compelled in any criminal prosecution to testify against himself."

argues, that the claim against compelled testimony may be raised in a civil proceeding if the answer demanded might subsequently be used against the witness in a criminal case. Theoretically this could apply to a disclosure compelled by a writ of mandamus as to any other compelled statement. However, appellants did not below and do not here claim that the answer to any particular question asked on the tax return would incriminate them. They do not go so far as to decline to admit to their identities as a reason not to file a return. But they maintain that the requirement of filing a return at all violates their constitutional privilege because possibly the information might later be used in a criminal case.

Whatever might be true of a refusal to answer specific questions, at this point and as stated by appellants the claim is too broad and premature. Even if a person claiming the privilege cannot be expected to explain just how his answer to a question might help to convict him in a criminal case, he does at least have to invoke the privilege with respect to any and each particular question that he fears on that score. Appellants never proceeded that far. Perhaps they acted under a misapprehension that possible prosecution for a false answer can itself give rise to the privilege not to answer at all, but that is not so. *See United States v. Bryan, 339 US 323, 342, 94 L Ed 884, 70 S Ct 724 (1949); Glickstein v. United States,* 222 US 139, 56 L Ed 128, 32 S Ct 71 (1911). We cannot proceed to provide appellants with a guide to hypothetical questions about the privilege against self-incrimination; it must suffice to state that their constitutional objections to the tax court's order are not well taken.

Affirmed.