Submitted on briefs June 2, affirmed August 24, 1982

# DEPARTMENT OF REVENUE,
*Respondent,*

*v.*

# ROMBOUGH,
*Appellant.*

(Tax Court No. 1576, SC 28182)
650 P2d 76

Joseph A. Rombough, Salem, filed the briefs for appellant, pro se.

Dave Frohnmayer, Attorney General, and Walter J. Apley, Assistant Attorney General, Salem, filed the brief for respondent.

PER CURIAM

## PER CURIAM

Defendant appeals from the tax court's issuance of a writ of mandamus ordering him to file individual income tax returns for the years 1977 to 1980. Defendant seeks to have the writ quashed on the grounds that he is not a person required to file. Defendant further claims that the standard applied by the tax court to deny his assertion of the privilege against self-incrimination under the Fifth Amendment to the United States Constitution was erroneous. Finally, defendant claims that a writ of mandamus cannot issue ordering the filing of a tax return.[1] We uphold the issuance of the writ of mandamus.

■ ■  The defendant when he became an ordained minister of the Life Science Church took a vow of poverty which included a gift or assignment of any future income. Therefore, he contends that any income earned after that date is tax exempt. The failure to so find, he argues, constitutes a violation of the establishment clause of the First Amendment of the United States Constitution and Article 1, Sections 2 and 3 of the Oregon Constitution.[2] We find no such violation. All persons are taxable on income earned by them in their individual capacities, as opposed to their capacities as agents of a church. *See Kelley v. Commmissioner,* 62 T.C. 131 (1974). *See also McGahen v. Commissioner,* 76 T.C. 468 (1981). The test for agency is comprised of several factors showing the extent to which the activity is required by the church. Among these factors are the degree to which the activity is ordinarily associated with

---

[1] Taxpayer also claims that the tax court judge's personal knowledge of him denied taxpayer a fair trial. Personal knowledge does not lead to denial of a fair trial unless prejudice is shown. No prejudice was shown in this case.

[2] The First Amendment to the United States Constitution provides in pertinent part:

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; * * *"

Article I, Section 2 of the Oregon Constitution provides:

"All men shall be secure in the Natural right to worship Almighty God according to the dictates of their own consciences."

Article I, Section 3 of the Oregon Constitution provides:

"No law shall in any case whatever control the free exercise, and enjoyment of religeous (sic) opinions, or interfere with the rights of conscience."

the duties of members of the church, the requirements of the church, and the degree of direction and control exercised by the church. Rev Rul 77-290, 1977-2 CB 26, Rev Rul 68123, 1968-1 CB 35. The taxpayer in this case engaged in the practice of naturopathic and chiropractic medicine prior to 1977 when he was ordained. The church had no control over his practice. The church did not in any way require the activity. The activity is not ordinarily associated with church duties. We therefore find that the assignment of income incorporated into the vow of poverty was not effective to render it exempt. *Helvering v. Horst,* 311 U.S. 112, 61 S Ct 144, 85 LEd 75 (1940). The income is therefore taxable to the taxpayer as the wage earner. *Lucas v. Earl,* 281 U.S. 111, 50 S Ct 241, 74 LEd 731 (1930).

■ ■ Defendant further claims that the tax court applied an erroneous standard to his assertion of the privilege against self-incrimination under the Fifth Amendment of the United States Constitution.[3] Defendant filed a return containing his name, address, social security number and exemptions, but as to the other questions on the return, "objected" on the grounds that his answers might incriminate him. Defendant attached a memorandum to his return giving as a reason for his objections the possibility that the information requested might be used to help detect an offense or "to build a false and malicious case against me and help establish probable cause by misinterpretation of ambiguous circumstances." The tax court judge found that defendant's assertion was not based upon a real possibility that submitting answers would subject the taxpayer to criminal prosecution and ordered the filing of tax returns for the years in question.[4] We find that the tax court judge

---

[3] The Fifth Amendment to the United States Constitution provides:

"...nor shall any person...be compelled in any criminal case to be a witness against himself * * *"

The Oregon Constitution, Art. 1, section 12 guarantees that:

"No person shall...be compelled in any criminal prosecution to testify against himself."

[4] The tax court judge made the following comments regarding defendant's contention:

"...I'm following those Fifth Amendment cases, of which there are a great number and which are not deemed to be contradictory to those that you have cited to me, and I'll quote from one of them.(sic) *U.S. v. Irwin,* 561 F2d 198,

correctly, properly and lawfully rejected defendant's claim. Defendant asserted that "something in his past" might lead to criminal prosecution and that information sought on the return might be used to build a case against him. A court should view the circumstances to determine whether it is evident from the implications of questions, in the setting in which they are asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. If it is not evident that there is a danger that injurious disclosure could result, the party claiming the privilege must make some showing that there is a real and substantial hazard of self-incrimination in responding to a question. *Hoffman v. United States,* 341 U.S. 479, 71 S Ct 814, 95 LEd 1118 (1951). It is well settled that mere declaration that a response might be incriminatory does not constitute a sufficient showing under the fifth amendment. *Mason v. United States,* 244 U.S. 362, 37 S Ct 621, 61 LEd 1198 (1917.) We find that defendant's mere assertion that his answers to all questions on a tax return might lead to criminal prosecution does not constitute a sufficient showing to justify upholding his fifth amendment claim.

---

in the 10th circuit, in which the U.S. Supreme Court denied certiorari. . . in that case it was made very clear, and this is one of many cases, that while all of us have the right to cite the Fifth Amendment it doesn't do us any good unless the valid claim of privilege is based upon a real possibility that submitting answers will subject the taxpayer to criminal prosecution. Can you give me any slightest evidence for. . . that anybody has told you that you are now subject to criminal prosecution under your failure to file these returns, federal or state?

"* * *

Has anybody even hinted at it, or are you engaging in something like bootlegging or running drugs so that you have real fear that you're going to be subject to criminal investigation?

"* * *

"You're just standing there saying there's something in my past and I'm going to take the Fifth. You understand, of course, as a citizen of the country that if you were approved in coming before this Court without any scintilla of evidence that there is a possible criminal charge respecting your income tax returns hovering over your head that all of us could do the same thing.

"* * *

"To be placed in a position of being charged as a criminal is a very serious matter and not lightly done and people who take the Fifth Amendment must do it with equal gravity. It must be something that's imminent, impending, a natural consequence of what they're doing."

■ Finally, defendant claims that a writ of mandamus is not proper to compel the filing of a tax return. The legislature has expressly authorized such method of compelling the filing of tax returns. ORS 314.365.

Affirmed.