Argued and submitted February 10, affirmed September 28, 1982

# DEPARTMENT OF REVENUE,
*Respondent,*

*v.*

# McCANN,
*Appellant.*

(TC 1509, SC 27971)

651 P2d 717

Carlisle B. Roberts, Judge.

Barbara J. Rose, Portland, argued the cause and filed the brief for appellant.

Walter J. Apley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

LENT, C. J.

### LENT, C. J.

Defendant appeals from the issuance of a peremptory writ of mandamus by the Oregon Tax Court directing him to file Oregon personal income tax returns for the calendar years 1976 through 1979 inclusive. He contends that the issuance of the writ was error in that (1) there exists an adequate legal remedy, (2) there is insufficient evidence to justify the writ, and (3) compliance with the writ may necessitate incriminatory disclosures in violation of his Fifth Amendment right against self-incrimination.

We try the cause "anew upon the record." ORS 305.445 and 19.125. Defendant is an Oregon resident and the operator of a small business, Gene's Carburetor & Electric, in Beaverton. He filed Oregon income tax returns in 1974 and 1975 but has not done so since. In 1980, the Oregon Department of Revenue (department) sent letters to defendant, demanding that he file income tax returns for the years 1976 through 1979. ORS 314.370. The letters contained the following statement:

> "If you believe that you are not required to file a return, please explain why and furnish a listing of your income for the year, showing source and amount from each source. State the number and list by name each exemption you claim."

When defendant failed to comply or respond, the department petitioned the tax court for a writ of mandamus to compel him to file as requested. ORS 314.365. The court issued an alternative writ, directing him to either file or show cause why he had not done so. Defendant still refused to comply and, after the show cause hearing, the tax court issued the peremptory writ of mandamus challenged here.

### I.

Defendant's first contention is that the tax court was without authority to issue the writ inasmuch as the department has adequate administrative and legal remedies. In particular, defendant cites ORS 305.265(9),[1] which

---

[1] ORS 305.265(9) provides:

"In the case of a failure to file a report or return on the date prescribed therefor (determined with regard to any extension for filing), the department

allows the department to make an estimation of a taxpayer's tax liability and so assess him where such taxpayer has failed to file a return.

■ ■ As a general rule, a writ of mandamus is not to be issued where there is a "plain, speedy and adequate remedy in the ordinary course of the law." ORS 34.110; *Sexson v. Merten*, 291 Or 441, 445, 631 P2d 1367 (1981). The writ of mandamus here, however, was not issued pursuant to the general mandamus statutes (*see* ORS 34.110 *et seq.*), but pursuant to a special statute providing for writs to compel taxpayers to file returns. ORS 314.365. That statute provides, in relevant part:

> "If a taxpayer fails to file a return within 60 days of the time prescribed by any law imposing a tax upon or measured by net income, the judge of the Oregon Tax Court, upon petition of the department, or of any 10 taxable residents of the state, *shall issue* a writ of mandamus requiring the person to file a return. * * *" (Emphasis added)

The general statute governing writs of mandamus, ORS 34.110, not only conditions the issuance of such a writ on the absence of "a plain, speedy and adequate" legal remedy, it also provides only that "[a] writ of mandamus *may* be issued * * *" (emphasis added), indicating that

> "it is an extraordinary remedial process which is awarded not as a matter of right, but in the exercise of sound judicial discretion and upon equitable principles."

*Buell v. Jefferson County Court*, 175 Or 402, 408, 152 P2d 578, 154 P2d 188 (1944). In contrast, the statute upon which the writ at issue here was based, ORS 314.365, does

---

shall determine the tax according to the best of its information and belief, assess the tax plus appropriate penalty and interest, and give written notice of the determination and assessment to the person required to make the filing. The amount of tax shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be lawfully claimed upon the return."

Defendant does not explain how the department is to make an assessment under this statute when he has failed to file returns for several years and has ignored repeated requests from the department for information. The department does have broad subpeona power (ORS 305.190), but even assuming *arguendo* that inadequacy of legal remedies is a condition of issuing the writ of mandamus here, it is questionable whether ORS 305.265(9) is an adequate alternative remedy in the situation presented.

not condition use of the writ on the absence of an adequate legal remedy and directs that the tax court "shall issue" the writ upon the department's petition.

We conclude, from a comparison of these two statutes, that the legislature did not intend that the issuance of writs of mandamus pursuant to ORS 314.365 be discretionary with the Tax Court or that issuance be conditioned on the absence of an adequate legal remedy. Accordingly, defendant's argument on this point is without merit. *See Dept. of Rev. v. Rombough,* 293 Or 477, 650 P2d 76 (1982).

## II.

Defendant's second contention is that there was not sufficient evidence to justify issuance of the peremptory writ. At the show cause hearing on the alternative writ, the only evidence adduced in support of the writ was that defendant had filed Oregon personal income tax returns in 1974 and 1975 and that he is, and has been since that time, operator of a small business in Beaverton; ownership of the business was not established. Defendant produced neither witnesses nor evidence on his own behalf. The tax court concluded that the department "has complied with all the necessary conditions to require production of the defendant's" requested returns, that it had "shown good cause for the issuance of the alternative writ of mandamus," and that defendant had failed to comply with the alternative writ by producing the returns or showing good cause why he need not comply.

Defendant argues that the department and the tax court have effectively and improperly placed the burden upon him to prove that he is not a taxpayer subject to Oregon income tax. The statutes upon which the department's demand for the filing of returns and the tax court's mandamus are based, ORS 314.370 and 314.365, respectively, employ the word "taxpayer." That term, for purposes of these two statutes, is not further defined. The "personal income tax" chapter (ORS Chapter 316), the one applicable here, defines "taxpayer" as, *inter alia,* "any person * * * whose income is in whole or in part subject to the taxes imposed by this chapter * * *." ORS 316.022(6). ORS 316.362 specifies those resident and nonresident individuals, estates, and trusts which are required to file annual returns under ORS Chapter 316; subsection (6) provides:

"Nothing contained in this section shall preclude the department from requiring any individual, estate or trust to file a return when, in the judgment of the department, a return should be filed."

In addition, ORS 314.370, the statute pursuant to which the department demanded that defendant file the requested returns, provides that the department may demand a return with regard to a taxpayer's income "whether or not [it is] taxable under the provisions of the applicable tax law."

■   The legislature evidently intended that where the department determines that an individual or entity may have earned income taxable under ORS Chapter 316, it can require the person or entity to file a return listing all income received. Although the statutes do not so specifically provide, we conclude that if the putative taxpayer chooses to refuse to comply and the department is able to establish a reasonable basis for its demand, the burden will be upon him to establish that the demand is baseless, *i.e.,* that he is not subject to Oregon's personal income tax laws.

Orderly and efficient administration of the tax laws necessitates the voluntary compliance and cooperation of this state's citizens. Defendant's contention that the department should be required to prove that he has earned taxable income and the amount of his tax liability before it can demand the filing of a return, although perhaps not unreasonable when viewed in the abstract, is without merit when viewed in context. In a state such as Oregon with a large number of taxpayers, many of whom have complex financial situations, just a few recalcitrants could effectively paralyze the department's administration of the tax laws if the system were as envisioned by defendant.

■   There is evidence that defendant had income in 1974 and 1975, that he has operated a business in the ensuing years in question and that the business appeared to have customers who have had work performed at that place of business. We hold that the evidence presented by the department was sufficient to justify its demand that defendant file the requested returns and that defendant's failure either to comply with the demand or to offer any substantial reason for his failure to do so justified the issuance of the peremptory writ of mandamus.

## III.

■    Defendant's final contention is that mandamus cannot be employed to compel a person to file a late tax return where the information disclosed on the return could be used against the person in a criminal prosecution for failure to file a return. Defendant argues that compliance with the writ, coerced by the threat of a contempt sanction, may result in incriminatory disclosures (*i.e.,* that he had had income subject to tax during the past years) in violation of his Fifth Amendment right against self-incrimination.[2]

        ORS 314.075 provides that "[n]o person * * * shall, with intent to evade any requirement of any law imposing taxes upon or measured by net income or any lawful requirement of the department thereunder: (1) Fail to pay any tax or to make * * * any return or to supply any information required * * *." Violation of this statute is punishable as a Class C felony and subjects the taxpayer to a $1,000 fine. ORS 314.991(1).[3] Defendant's dilemma is that if he fails to comply with the writ he may be punished for contempt, but if he complies by filing returns disclosing that he did in fact have tax liabilities for the years in question, he would be disclosing information which may be used by the department in a prosecution against him pursuant to ORS 314.991(1).

        As a general matter, compelling the filing of tax returns for past years through use of a writ of mandamus does not of itself violate a taxpayer's Fifth Amendment rights. *Dept. of Rev. v. Greaves,* 289 Or 511, 614 P2d 100 (1980), *cert den* 449 US 1112 (1981). Broad and unspecific claims that filing a return might be self-incriminatory are insufficient:

---

[2] The United States Constitution, Amendment V, provides in relevant part:

"[N]or shall [any person] be compelled in any criminal case to be a witness against himself * * *."

Defendant makes no argument under the Oregon Constitution. *See* Oregon Constitution, Article I, Section 12; *Department of Revenue v. Greaves,* 289 Or 511, 513-514, 614 P2d 100 (1980), *cert den* 449 US 1112 (1981).

[3] *See also* ORS 305.265(12) and ORS 314.400, which provide for interest and civil penalties for underpayment of taxes due, and 26 USC §§ 7201 *et seq,* the federal Internal Revenue Code provisions imposing criminal penalties for failure to properly file required federal tax returns.

"A court should view the circumstances to determine whether it is evident from the implications of the questions, in the setting in which they are asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because disclosure could result. If it is not evident that there is a danger that injurious disclosure could result, the party claiming the privilege must make some showing that there is a real and substantial hazard of self-incrimination in responding to a question. It is well-settled that mere declaration that a response might be incriminatory does not constitute a sufficient showing under the fifth amendment."

*Dept. of Rev. v. Rombough, supra,* 293 Or at 481 (citations omitted). Further, in *Greaves* we held that the Fifth Amendment cannot be relied upon to justify a complete refusal to file a return; the privilege must be exercised specifically as to particular questions. 289 Or at 514.[4] Thus, defendant's assertion of his Fifth Amendment privilege is premature.

The judgment of the Oregon Tax Court is affirmed.

---

[4] The federal courts, in reference to the federal Internal Revenue Code, have uniformly held that although the Fifth Amendment is applicable in the tax area, the privilege against self-incrimination does not justify an outright refusal to file any income tax return at all. *United States v. Sullivan,* 274 US 259, 47 S Ct 607, 71 LEd 1037 (1927); *United States v. Neff,* 615 F2d 1235, 1238-1240 (9th Cir), *cert den* 447 US 925 (1980).