Argued and submitted May 4, affirmed September 28, 1982

# DEPARTMENT OF REVENUE,
*Respondent,*
*v.*
# GLADYS I. WELCH,
*Appellant.*

# DEPARTMENT OF REVENUE,
*Respondent,*
*v.*
# CLARENCE WELCH,
*Appellant.*

# DEPARTMENT OF REVENUE,
*Respondent,*
*v.*
# CLARENCE WELCH,
*Appellant.*

(TC 1545, 1546, 1547,
SC 28119, 28140, 28120)
651 P2d 721

Carlisle B. Roberts, Judge.

Barbara J. Rose, Portland, argued the cause and filed the brief for appellants.

Walter J. Apley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

LENT, C. J.

## LENT, C. J.

Defendants appeal from the issuance of three peremptory writs of mandamus by the Oregon Tax Court commanding them to file personal and fiduciary income tax returns for the year 1978. They challenge the writs on Fifth Amendment grounds and by alleging that there was insufficient evidence to support them.[1]

We try the cause "anew upon the record." ORS 305.445 and 19.125. Defendant Gladys Welch is the grantor and trustee for the "Gladys I. Welch Equity Trust," and defendant Clarence Welch is the grantor and trustee for the "Clarence and Gladys Welch Equity Trust." For the calendar year 1977 defendants filed fiduciary income tax returns on behalf of the trusts, declaring significant amounts of income and deductions for each. The Oregon Department of Revenue (department) reviewed the returns and disallowed the income and deductions with regard to the trusts, transferred the income and deductions to the grantors' personal returns, and taxed the amounts as income to the grantors rather than the trusts. Apparently, the defendants did not challenge this action.

For the calendar year 1978, defendants filed fiduciary returns but refused to supply any information with regard to income. They put an asterisk in each blank and wrote on the returns:

"I hereby assert my rights, under the 5th amendment to the U.S. Constitution, to refuse to answer this question on the grounds that the answer may be used to incriminate me."

The department sent letters to the defendants, requesting that they file complete returns for the trusts. When defendants failed to comply, the department petitioned the tax

---

[1] In addition, defendants contend that writs of mandamus are not an appropriate means to compel the filing of tax returns and that the tax court judge erred in failing to disqualify himself. The former contention is meritless for the reasons set out in *Dept. of Rev. v. McCann*, 293 Or 522, 651 P2d 717 (1982). On the latter point, defendants did not request the judge to disqualify himself (*but see* ORS 305.455(2)); nonetheless, they contend that he had an affirmative obligation to do so under Canons 2A and 3C(1)(a) of the Code of Judicial Conduct and the Due Process Clause (United States Constitution, Amendment XIV) because of his alleged bias and prejudice toward defendants and their attorney. Suffice it to say, the evidence does not preponderate in support of defendants' contention.

court for writs of mandamus to compel compliance. The tax court issued three alternative writs, *see* ORS 314.365, directing Gladys Welch to file a fiduciary return and Clarence Welch to file a fiduciary and a personal return or to show cause why they need not do so.

At the show cause hearing, the department adduced evidence that the trusts had filed returns and declared substantial income in the previous year, and that in the opinion of its audit division the trusts or the defendants may have earned taxable income in 1978. It also produced a wage and tax statement showing significant income to Clarence Welch from the Oregon State Board of Higher Education. Defendants produced no witnesses or evidence of their own and in fact did not personally attend the hearing. The tax court concluded that the department had complied with all the necessary conditions to require the production of the requested returns and that defendants had not established any good cause to justify their refusal to comply. The court thereupon issued the three peremptory writs of mandamus challenged here.

■ ■ Where the department determines that a person or entity may have earned income taxable under ORS Chapter 316, it may require that person or entity to file an Oregon income tax return. ORS 314.370 and 314.365; *Dept. of Rev. v. McCann*, 293 Or 522, 651 P2d 717 (1982). The department need not, as a precondition to requesting or compelling the filing of a return, prove that the person or entity did in fact receive taxable income and the amount of any tax liability. *Id*, 293 Or at 527, 651 P2d at 719. The fact that the trusts reported substantial income on their 1977 returns and that Clarence Welch evidently received some income during 1978 is sufficient to justify the department's demand for the requested returns.

■ Defendants argue that the department's decision with regard to the trusts' 1977 returns, *i.e.*, that the trusts were not valid for tax purposes and that the income was taxable to the grantors, prevents the department from demanding 1978 returns from the trusts. Defendants, however, are in no position to make this argument inasmuch as they failed to file personal income tax returns and continue

to adhere to their position that the trusts are valid and should be taxed as such. Moreover, the department's decision as to the 1977 returns does not preclude it from reevaluating the validity of the trusts under 1978 facts.

■ ■ Finally, defendants argue that their Fifth Amendment[2] rights would be infringed if they were compelled to file a more complete return. Broad and unspecific claims that the filing of a tax return "may possibly" be self-incriminatory do not justify a refusal to file. *Dept. of Rev. v. McCann, supra.* A return which supplies none of the requested financial information and asserts broad and unspecific Fifth Amendment claims is tantamount to a failure or refusal to file.[3]

Appended to the tax returns defendants did file were a lengthy explanation of their action, correspondence from the department and their tax preparer, and reprints of articles discussing the taxpayer's plight. Nonetheless, the basis for defendants' Fifth Amendment assertions is unclear. Apparently, they believe that the department and the federal Internal Revenue Service are unfairly and illegally "cracking down" on "family" or equity trusts such as here involved, and that if they were to file the requested returns they may be criminally prosecuted for tax avoidance. *See* ORS 314.075, 314.991(1).

■ ■ The purpose of the Fifth Amendment is to prevent the state from compelling a citizen to disclose evidence linking him to a crime already committed; it does not afford immunity for contemplated crimes. *Rule v. United States,*

---

[2] The United States Constitution, Amendment V, provides in relevant part:

"[N]or shall [any person] be compelled in any criminal case to be a witness against himself * * *."

Defendants make no argument under the Oregon Constitution. *See* Oregon Constitution, Article I, Section 12; *Department of Revenue v. Greaves,* 289 Or 511, 513-514, 614 P2d 100 (1980), *cert den* 449 US 1112 (1981).

[3] The federal courts, in response to the recent spate of taxpayer "protest" filings, have held that the Fifth Amendment's privilege against self-incrimination does not generally constitute sufficient grounds to excuse a taxpayer's failure or refusal to file a tax return containing any of the required financial information. *See, e.g., United States v. Pilcher,* 672 F2d 875, 877 (11th Cir 1982); *United States v. Reed,* 670 F2d 622, 623 (5th Cir) *cert den* (1982); *Stuart v. Dept. of Finance and Administration,* 598 F2d 1115 (8th Cir 1979); *United States v. Neff,* 615 F2d 1235, 1238-1241 (9th Cir), *cert den* 447 US 925 (1980).

362 F2d 215, 217 (5th Cir 1966), *cert den* 385 US 1018 (1967). Just as a witness cannot refuse to testify on the ground that he will incriminate himself by committing perjury if he does, a taxpayer cannot refuse to file a return on the ground that he will be convicted for filing a criminally evasive or fraudulent one. If the defendants have a sincere good faith belief that their trusts are valid and should be taxed as such, they can file complete fiduciary returns as if the trusts were valid and fight the battle with the department;[4] otherwise, they can file complete individual returns. They cannot, however, refuse to file both fiduciary and individual returns and interpose the Fifth Amendment in justification.

We agree with the tax court that the department has satisfied all the necessary conditions to its demand that defendants file the requested returns and that defendants have failed to show good cause for their continued refusal to comply with that demand. Accordingly, the judgments of the tax court and the issuances of the peremptory writs are affirmed.

---

[4] ORS 314.075 provides:

"No person * * * shall, *with intent to evade any requirement of any law imposing taxes* upon or measured by net income or any lawful requirement of the department thereunder:

"(1) Fail to pay any tax or to make, sign or verify any return or to supply any information required; * * *." (Emphasis added)

*See also* ORS 314.400, which provides for civil penalties for failure to file a return or underpayment of taxes. Under subsection (3), a civil penalty of 100% of the delinquent tax may be assessed if the failure or underpayment was "with intent to evade the tax." That is an element the prosecution would have to establish.