Argued and submitted October 5, 1983, affirmed September 5, 1984

# DEPARTMENT OF REVENUE,
## *Respondent,*

*v.*

# RILEY,
## *Appellant.*

## (TC 1797; SC 28942)

686 P2d 1031

Barbara J. Rose, Lake Oswego, argued the cause and filed the briefs and abstract of record for appellant.

James C. Wallace, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

CARSON, J.

## CARSON, J.

■     The only issue this case presents is whether defendant[1] filed legally sufficient income tax returns for the calendar years 1979 and 1980. The Department of Revenue petitioned the Oregon Tax Court for an alternative writ of mandamus, pursuant to ORS 314.365,[2] ordering defendant to file income tax returns for 1979 and 1980. The Department had determined that the amended 1979 return which defendant filed was legally insufficient and that he had filed no return for 1980. At the hearing to show cause why he should not be ordered to file legally sufficient returns for those years, defendant claimed that to answer certain questions on the returns relating to his income would compel him to incriminate himself in violation of the federal Fifth Amendment.[3] Following the hearing, the Tax Court issued a peremptory writ of mandamus, from which defendant appeals.[4] We affirm.

---

[1] Although the income tax returns submitted purported to be joint returns of defendant and his wife, the Department proceeded against defendant only.

[2] ORS 314.365 provides:

"If a taxpayer fails to file a return within 60 days of the time prescribed by any law imposing a tax upon or measured by net income, the judge of the Oregon Tax Court, upon petition of the department, or of any 10 taxable residents of the state, shall issue a writ of mandamus requiring the person to file a return. The order of notice upon the petition shall be returnable not later than 10 days after the filing of the petition. The petition shall be heard and determined on the return day or on such day thereafter as the court shall fix, having regard to the speediest possible determination of the case, consistent with the rights of the parties. The judgment shall include costs in favor of the prevailing party. An appeal may be taken from the judgment by the taxpayer or the department to the Supreme Court in the manner that appeals are taken in suits in equity, irrespective of the amounts involved. All writs and processes may be issued from the office of the clerk of the tax court, and, except as otherwise provided in this section, shall be returnable as the court shall order."

[3] United States Constitution, Amendment V provides:

"* * * nor shall any person * * * be compelled in any criminal case to be a witness against himself, * * *."

Defendant also raised for the first time in his reply brief his Oregon Constitution, Article I, section 12 privilege against self-incrimination. Because this independent state ground was not raised to the Tax Court, we decline to discuss it here.

[4] ORS 305.445 provides:

"The sole and exclusive remedy for review of any decision or order of the tax court shall be by appeal to the Supreme Court. Jurisdiction hereby is vested in the Supreme Court to hear and determine all appeals from final decisions and final orders of the tax court * * *. Such appeals * * * shall be in accordance with the procedure in equity cases on appeal from a circuit court * * *. Upon such appeal

■        As we understand federal law, the Fifth Amendment privilege against self-incrimination does not apply to the complete failure to file a return, nor to a blanket assertion of the privilege as to all questions on a return. *See Dept. of Rev. v. Carpet Warehouse,* 296 Or 400, 676 P2d 299 (1984); *Dept. of Rev. v. Welch,* 293 Or 530, 651 P2d 721 (1982); *Dept. of Rev. v. McCann,* 293 Or 522, 651 P2d 717 (1982); *Dept. of Rev. v. Greaves,* 289 Or 511, 614 P2d 100, *cert den* 449 US 1112 (1980). The privilege can only be validly exercised as to particular questions on a return. *Dept. of Rev. v. McCann, supra,* 293 Or at 529; *Dept. of Rev. v. Greaves, supra,* 289 Or at 514.

■        In a recent case, we adopted the rationale of the United States Courts of Appeal cases from the Eighth and Tenth Circuits[5] and concluded that a return containing no information from which tax liability can be calculated does not constitute a return for the purposes of the Oregon tax laws. *Dept. of Rev. v. Carpet Warehouse, supra,* 296 Or at 405-06. We said that a return which contains no information from which tax liability can be calculated is the functional equivalent of no return and that the privilege against self-incrimination does not extend to the failure to file a return. *Dept. of Rev. v. Carpet Warehouse, supra,* 296 Or at 406.

■        Defendant contends that his answers to some questions on his amended return for 1979, while asserting the privilege against self-incrimination on the remaining questions, were enough to create a legally sufficient return as defined above. We disagree. On his amended return for 1979, defendant filled in his and his wife's name and personal identifying information and claimed five exemptions for $5,000. He and his wife signed the amended return. He provided no other information. He invoked the privilege against self-incrimination 24 times, entered zeroes 10 times and left six lines blank. He provided no information from which his tax liability could be calculated.

---

and review, the Supreme Court shall have power to affirm, modify or reverse the order or decision of the tax court appealed from, with or without remanding the case for further hearing, as justice may require."

[5] *United States v. Daly,* 481 F2d 28 (8th Cir)(per curiam), *cert den* 414 US 1064 (1973) and *United States v. Irwin,* 561 F2d 198 (10th Cir 1977), *cert den* 434 US 1012 (1978).

While defendant contends that he asserted the Fifth Amendment privilege only as to specific incriminating questions on his return, we find that defendant's assertion of the privilege was wholesale. For example, he asserted the privilege in at least one place where it cannot logically apply. Defendant claimed the privilege both as to the "standard deduction" on line 18 and the "net Oregon itemized deductions" on line 17. The form clearly instructs taxpayers to make a choice between these two lines and enter an amount as to one *or* the other. While disclosure of an amount on either of these two lines, arguably, could have provided potentially incriminating information, defendant's refusal to choose between them, and his assertion of the privilege on both lines, indicate that defendant made a wholesale assertion of the privilege.[6] He did not limit his assertion of the Fifth Amendment privilege to specific potentially incriminating questions on his return.

Under our definition of a legally sufficient tax return, we find that defendant provided no information on his amended 1979 return from which his tax liability could be calculated and thus did not file a legally sufficient return for 1979. Because he filed no return at all for 1980, defendant failed to file a legally sufficient return for that year also. We hold that the Tax Court judge properly rejected defendant's claim of a Fifth Amendment privilege and properly issued a peremptory writ of mandamus ordering defendant to file income tax returns for the calendar years 1979 and 1980.

Affirmed.

---

[6] Defendant argues that he is not a "tax protestor" nor someone seeking merely to evade taxes. We note that he appended to his initial return 25 pages of letters and articles indicating, among other things, that Internal Revenue Service agents often abuse their tax collection authority in order to secure convictions of innocent taxpayers, and that the Department and the Internal Revenue Service are unfairly and illegally seeking out taxpayers who have "family trusts" such as defendant evidently has.