688 P.2d 1165

**IDAHO STATE TAX COMMISSION, Plaintiff-Appellant,**

v.

**Robert L. PETERSON, Defendant-Respondent.**

No. 15298.

Supreme Court of Idaho.

Sept. 26, 1984.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., William A. Von Tagen, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Robert L. Peterson, Soda Springs, pro se.

SHEPARD, Justice.

This action is brought by the Idaho State Tax Commission to compel the defendant Robert L. Peterson to file state income tax returns for the years 1980 and 1981. The lower court refused to order Peterson to file such returns, on the basis that the information requested by the State to be included thereon was protected by the fifth amendment privilege against self-incrimination. We reverse and remand.

The following facts are gleaned from the record, the State's brief, and the clerk's transcript. Defendant Peterson has filed no brief.

Robert Peterson did not file complete personal income tax returns for the years 1980 and 1981. According to his W-2 forms, Peterson had taxable income of at least $10,110 in 1980 and $26,191 in 1981. The Idaho State Tax Commission notified defendant of the requirement under I.C. §§ 63-3030 and 63-3032 that he report his income, and of the criminal consequences of not doing so. When defendant still did not submit a valid tax return, the commission obtained a peremptory writ of mandate from the district court, ordering defendant to file income tax returns. Defendant did not comply with the writ of mandate.

The district court held a hearing, at which defendant was instructed to show cause why he should not be held in contempt of court for disobeying the writ of mandate. Peterson's counsel informed the court that defendant had had income from an illegal source during 1980 and 1981. Peterson's attorney argued that requiring defendant to file a tax return disclosing the amount and source of that illegal income would violate Peterson's right, under the fifth amendment to the United States Constitution, to refuse to testify against him-

self. The district judge then conducted an in-camera hearing with defendant and defense counsel, after which the judge ruled that Peterson's fifth amendment defense was valid and that defendant was not required to file the tax returns in question. Counsel for the State Tax Commission was excluded from this in-camera hearing. No transcript or other record of the hearing was kept.

Issues presented for our review, as phrased by the Idaho State Tax Commission, are (1) whether a writ of mandate compelling Peterson to file valid tax returns infringes upon his fifth amendment right against self-incrimination; and· (2) whether the requirement of a valid tax return in this case violates the fifth amendment privilege against self-incrimination. We answer both questions in the negative, reverse the trial court's decision, and remand the case for further proceedings.

■ The question of the propriety of a writ of mandate to compel filing of tax returns has been settled in this state. The issuance of a writ of mandate in these circumstances is clearly called for. *Idaho State Tax Commission v. Payton*, 107 Idaho 258, 688 P.2d 1163 (1984); *Mitchell v. Agents of State*, 105 Idaho 419, 670 P.2d 520 (1983); I.C. § 63–3030(a)(1)(A).

We turn to the question of whether the fifth amendment prohibits the government from requiring this defendant to file tax returns for the years in question. The fifth amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." The courts have generally rejected the idea that the fifth amendment privilege against self-incrimination protects one from having to file income tax returns. *See, e.g., United States v. Vance*, 730 F.2d 736 (11th Cir.1984); *United States v. Pilcher*, 672 F.2d 875 (11th Cir.), *cert. denied*, 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982); *United States v. Reed*, 670 F.2d 622 (5th Cir.), *cert. denied*, 457 U.S. 1125, 102 S.Ct. 2945, 73 L.Ed.2d 1341 (1982); *United States v. Neff*, 615 F.2d 1235 (9th Cir.), *cert. denied*, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117

(1980). Case law holds that the fifth amendment will not justify an outright refusal to file tax returns (*United States v. Sullivan*, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927); *United States v. Neff, supra*), and that "[a] return which supplies none of the requested financial information and asserts broad and unspecific claims is tantamount to a failure or refusal to file" (*Department of Revenue v. Welch*, 293 Or. 530, 651 P.2d 721 (1982)). *See also, Department of Revenue v. McCann*, 293 Or. 522, 651 P.2d 717 (1982). In short, while the fifth amendment might in some limited instances be validly raised to block criminal prosecution for failure to file a valid income tax return (*see Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976); *United States v. Raborn*, 575 F.2d 688 (9th Cir.1978)), the right must be asserted at the time of filing and be exercised specifically as to particular questions (*McCann, supra; Welch, supra*).

In this case, defendant Peterson gave little more than his address, in response to the questions presented on the tax form. Questions such as the state of his residence in the previous year, the amount of his income, his capital gains and losses, and his moving expenses, are uniformly rubber-stamped with the printed words "Object—Self-incrimination." It is clear, from the appearance of the tax return as submitted, that no particularized thought was directed by Peterson to the individual questions propounded. We cannot lend credence to such indifferent, unqualified, blanket application of this constitutional protection. As the court stated in *United States v. Neff, supra*, 615 F.2d at 1239:

"[Certain] statutory reporting requirements have been found to violate the privilege, but the reporting schemes in these cases were 'directed at a highly selective group inherently suspect of criminal activities ... in an area permeated with criminal statutes....' [Citation.] Questions on income tax returns, in contrast, are 'neutral on their face and directed at the public at large....' [Citations.] ...

"To claim the privilege validly a defendant must be faced with ' "substantial

hazards of self incrimination" ' ... that are ' "real and appreciable" and not merely "imaginary and unsubstantial." ' [Citations.] Moreover, he must have 'reasonable cause to apprehend [such] danger from a direct answer' to questions posed to him....

"In determining whether such a real and appreciable danger of incrimination exists, a trial judge must examine the 'implications of the question[s] in the setting in which [they are] asked ....' [Citations.] He ' "[m]ust be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence." ' [Citations.] If the trial judge decides from this examination of the questions, their setting, and the peculiarities of the case, that no threat of self-incrimination exists, it then becomes incumbent 'upon the defendant to show that answers to [the questions] might criminate him.' [Citations.] This does not mean that the defendant must confess the crime he has sought to conceal by asserting the privilege. The law does not require him ' "to prove guilt to avoid admitting it." ' [Citations.] But neither does the law permit the defendant to be the final arbiter of his own assertion's validity. 'The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to decide whether his silence is justified ....' [Citations.]"

 The defendant Peterson's outright refusal to answer any questions on a tax return is not, per se, protected by the fifth amendment. Perchance there is a valid fifth amendment defense to at least some of the information required in Peterson's tax return, especially in light of the fact that, of a group of many "tax protesters" whose claims of privilege were heard together by this judge, this defendant was singled out as having a valid fifth amendment objection. Nonetheless, we have no record of the in-camera hearing, on which to review the validity of this defendant's claim and the propriety of the lower court's use of discretion at that hearing. Since we have no means of evaluating Peterson's assertion of the fifth amendment self-incrimination protection here, we reverse and remand for an in-camera hearing, which hearing we instruct be transcribed for our review.

Reversed and remanded. No costs or attorney's fees on appeal.

DONALDSON, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., concur.