514 P.2d 221

**STATE TAX COMMISSION of Utah,
Plaintiff and Respondent,**

v.

**Thomas Warner HOOPES, Defendant
and Appellant.**

**Nos. 13181, 13173.**

Supreme Court of Utah.

Aug. 21, 1973.

---

**108**

Walker E. Anderson, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The defendant appeals from an order of contempt made by the district court in a supplemental proceeding wherein the State Tax Commission was attempting to secure some information regarding the assets belonging to the defendant.

The conduct of the defendant was clearly contumacious, and he does not contend to the contrary. His defense is based upon the proposition that the state income tax law is unconstitutional.

The defendant made a tax return containing no information. He struck the wording about its being made under the penalty of perjury, signed it, and returned it to the plaintiff. Subsequently, pursuant to law,[1] the plaintiff determined the amount of tax due and mailed a notice of deficiency to the defendant and thereafter a demand

---

1. Sec. 59–14–58, U.C.A.1953.

for payment. The defendant made no request for a redetermination of the tax[2] and no appeal to this court.[3] He did not pay the tax assessed, and the plaintiff issued a warrant for delinquent taxes, including penalties and interest, in the amount of $2,258.02. Based thereon, the order in supplemental proceedings above referred to was obtained in the district court.

Despite the Eleventh Amendment to the Federal Constitution as interpreted by the case of Hans v. Louisiana,[4] Mr. Hoopes brought suit in the federal district court wherein he sued the State of Utah through its State Tax Commission[5] to have that court determine that our statute and the procedures outlined therein are unconstitutional. Aside from the question of the jurisdiction of the federal court, the ruling made by the judge there was correct,[6] viz.:

Petitioner's central claim appears to be that no administrative agency has the power to levy upon and cause a sale of the petitioner's property for the payment of delinquent taxes even though the machinery of the court is invoked to effect the sale and adequate notice, right to hearing and prior and subsequent judicial review are assured (as they appear to be by Utah law; e. g., Utah Code Annotated, Section 59–14–29, 59–14–39 to 42), . . . the power of administrative agencies under such circumstances has long been established.

Our statute[7] provides that the warrant issued by the Tax Commission may be filed with the clerk of the district court and shall have the force and effect of a judgment rendered in said court.

The statute does not deny due process to a recalcitrant taxpayer for the reason that such a one has a right to be heard regarding the determination of his tax[8] and a right to have this court review the ruling of the Commission.[9]

Mr. Hoopes refused to avail himself timely of the due process of law afforded by the statute, and the determination of the tax by the Commission became final.[10]

Since the statutes and the procedure outlined therein did not deprive Mr. Hoopes of

2. Sec. 59–14–29, U.C.A.1953.

3. Sec. 59–14–40, U.C.A.1953.

4. 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1889).

5. Hoopes v. State Tax Commission, Civil No. 369–72.

6. Coffin Bros. & Co., et al., v. Bennett, 277 U.S. 29, 48 S.Ct. 422, 72 L.Ed. 768 (1928);

Phillips v. Com., 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931).

7. Sec. 59–14–60, U.C.A.1953.

8. Secs. 59–14–29 to 31, U.C.A.1953.

9. Sec. 59–14–40, U.C.A.1953.

10. Sec. 59–14–39, U.C.A.1953.

"Due Process of Law" as he claims, he is not entitled to any relief on this appeal. He must answer the proper questions propounded to him regarding his assets or bear the consequence of his contumacy.

The judgment of contempt rendered in the district court is affirmed. No costs are awarded.

CALLISTER, C. J., and CROCKETT, and TUCKETT, JJ., concur.

HENRIOD, J., does not participate herein.