661 P.2d 756

**COEUR D'ALENE LAKESHORE OWNERS AND TAXPAYERS, INC., et al., Plaintiffs-Appellants,**

v.

**KOOTENAI COUNTY, et al., Defendants-Respondents.**

No. 13858.

Supreme Court of Idaho.

April 6, 1983.

James R. Michaud, Coeur d'Alene, for plaintiffs-appellants.

Glen E. Walker, Kootenai County Pros. Atty., Coeur d'Alene, David G. High, Deputy Atty. Gen., Boise, Paul D. McCabe, Coeur d'Alene, for defendants-respondents.

SHEPARD, Justice.

This is an appeal from an order of the district court in a complex suit brought as a class action by a large number of taxpayers who are owners of property in Kootenai County against local and state taxing authorities. The issues on appeal are relatively narrow since the order of the district court which is the subject of this appeal granted summary judgment in favor of the defendants on only five of the counts of plaintiffs' complaint, denied plaintiffs' motions for summary judgment, and denied plaintiffs' demand for jury trial. We affirm.

The circumstances which gave rise to the instant action are in many respects similar to those involved in and detailed in this Court's opinion in *Justus v. Board of Equalization of Kootenai County,* 101 Idaho 743, 620 P.2d 777 (1980), decided some four months prior to the district court's order in the instant case. Those circumstances are, in brief, as follows. In 1976, the Idaho Board of Tax Appeals found gross inequities in the 1976 property tax valuation in Kootenai County. As a result a revaluation plan was designed to revalue all property in Kootenai County within three years, beginning February, 1977. That plan, overly simplified, required the majority of the taxable property in Kootenai County to be revalued to 80% of market value in 1977, the remaining property to be revalued to 80% in 1978, and by the end of 1979, an independent appraiser was scheduled to revalue all of the taxable property in Kootenai County to 100% of market value. Thereafter, a five year cyclical or rotating plan for revaluation would commence in 1980. As noted in *Justus,* that cyclical program may have been interrupted and changed by I.C. § 63–221 (implementing the 1% initiative). The issues on this appeal arise from the revaluation of property within Kootenai County by an independent appraiser pursuant to a contract with the local taxing authorities.

Plaintiffs filed their complaint on November 1, 1978, which in general alleged that plaintiffs were real property taxpayers in Kootenai County, that the defendant county assessor had the duty to assess real property in Kootenai County, and that the defendants county commissioners and defendant assessor, acting by the direction or with the knowledge of defendant Idaho State Tax Commission, entered into contracts in May, 1977, with defendant Gary Hoagland whereunder Hoagland was to establish the market value of real property in Kootenai County for tax purposes. Ultimately, plaintiffs' complaint was stated in eleven counts. The first four counts allege that the Hoagland contracts were illegal, unconstitutional and void upon various theories. Count five alleged that the 1978 assessment and classification of real properties in Kootenai County was arbitrary, was capricious and resulted in nonuniform and discriminatory allocation of the tax burden in Kootenai County, and demanded that the 1977 property valuation be used in lieu of the 1978 property valuations for the purpose of determining 1978 ad valorem taxes. Count six of plaintiffs' complaint alleged that the method of notifying property owners in Kootenai County was not in conformance with law, therefore plaintiffs' rights of due process were denied. Count seven of plaintiffs' complaint alleged that the three year plan of revaluation of properties in Kootenai County was illegal and unconstitutional, and for that reason again demanded that the 1977 property valuations be utilized in lieu of the 1978 property valuations for the purpose of determining 1978 ad valorem taxes. Count eight again alleged the illegality of the Hoagland contracts and sought injunctive relief against the continued activities of Hoagland in revaluing the real property within Kootenai County, against Hoagland being compensated for his work and against the collection of taxes based upon market valuations resulting from the Hoagland contract. Count nine alleged that the notice to taxpayers was deficient and contrary to the regulations of the Idaho State Tax Commission and hence the taxpayers were deprived of due process. Count ten alleged that the valuation for 1978 tax assessment purposes under color of law violated the rights, privi-

leges and immunities of the plaintiffs and hence came within the purview of acts restrained by § 1983, Title 42 of the United States Code, and that plaintiffs were deprived of the equal protection of the laws guaranteed by the Fourteenth Amendment of the United States Constitution. Count eleven alleged that the Hoagland contracts were void in that the statutory requirements of notice thereof to the public was not given through publication. We view the gravamen of plaintiffs' complaint as involving the validity of the contracts for valuation of real property within Kootenai County as executed between defendants Hoagland and the local taxing authorities.

The record demonstrates that the local taxing authorities did indeed enter into a contract with Hoagland for the valuation of real property within Kootenai County and the contract itself is a part of the record. It appears clear that the work contemplated in the Hoagland contract was not placed for public bid by the local taxing authorities.

During the progress of the litigation, the district court in response to various motions, granted or denied certain relief sought by plaintiffs, *i.e.,* denied certain plaintiffs' motions for summary judgment; denied plaintiffs' demand for injunctive relief during the pendency of the litigation; denied plaintiffs' demand that a special fund be established into which real property taxes should be deposited and granted plaintiffs' motion that the suit be a class action. We deem that none of those actions or orders of the district court are properly before this Court on this appeal. The district court also denied plaintiffs' demand for a jury trial, a matter which we deem is properly before this Court on this appeal.

Upon motion therefor, the district court granted summary judgment in favor of defendants as to counts two, three, four and eleven of plaintiffs' complaint, all of which relate to the alleged invalidity of the Hoagland contracts. The district court also granted summary judgment as to count seven of plaintiffs' complaint, which alleges the illegality of the Kootenai County three year plan for revaluation of real property.

Incorporated in the district court's order for summary judgment was its order denying plaintiffs' demand for jury trial and thereafter the district judge executed a Rule 54(b) certificate certifying that there was no just reason for delay and making the above summary judgment order a final judgment for the purposes of appeal under the Idaho Appellate Rules.

Hence, albeit appellants contend otherwise, we view the sole issues presented on this appeal to be asserted errors relating to the district court's order denying a jury trial and granting summary judgment in favor of defendant-respondents as to counts two, three, four, seven and eleven of plaintiffs' complaint.

■ As to the disposition of count seven of plaintiffs' complaint relating to the alleged illegality and unconstitutionality of the three year plan for the revaluation of real property within Kootenai County, we summarily affirm. The district court correctly predicted the result of this Court's decision in *Justus,* which dealt with and upheld the legality and constitutionality of that same three year revaluation program.

■ As to count two of plaintiffs' complaint, it is alleged that the Hoagland contract is in violation of Art. 8, § 3 of the Idaho Constitution, in that the taxing authorities have thereby incurred an unlimited, contingent liability without the assent of two-thirds of the qualified electors of Kootenai County. Art. 8, § 3 of the Idaho Constitution forbids any subdivision of the government from incurring any indebtedness or liability which exceeds in any given year the income and revenue provided for that year without the assent of two-thirds of the qualified electors and provides that any such indebtedness or liability incurred in violation shall be void. That section of the constitution also provides, "that this section shall not be construed to apply to the ordinary and necessary expenses authorized by the general laws of the state . . . ." Plaintiffs-appellants argue strenuously that the services to be provided by Hoagland in the instant case do not fall into the exception. We disagree.

As earlier noted in *Justus,* the revaluation plan for Kootenai County was expressly approved by this Court, and at least inferentially therein, the employment of an independent appraiser was also approved. At the time of the inception of the contracts in question, I.C. § 63–221 provided:

"63–221. County valuation program to be carried on by assessor.—It shall be the duty of the county assessor of each county in the state to conduct and carry out a continuing program of valuation of all properties under his jurisdiction pursuant to such rules and regulations as the state tax commission may prescribe, to the end that all parcels of property under the assessor's jurisdiction are appraised at least every five (5) years. The county assessor shall maintain in the respective offices sufficient records to show when each parcel or item of property was last appraised.

The state tax commission is hereby authorized, empowered, and directed to promulgate rules and regulations for the implementation of this program, and to provide any such county assessor with such supervision and technical assistance as may be necessary.

The board of county commissioners of each county shall furnish the assessor with such additional funds and personnel as may be required to carry out the program hereby provided, and for this purpose may levy annually an ad valorem tax of not to exceed two (2) mills of each dollar of assessed valuation of taxable property in the county to be collected and paid into the county treasury and appropriated to the ad valorem valuation fund which is hereby created."

I.C. § 63–202A provides:

"Compliance of public officers with assessment and equalization rules, regulations and orders of state tax commission. —(1) Every public officer shall comply with any law order, rule or regulations of the state tax commission made pursuant to the provisions of title 63, Idaho Code."

Here the record demonstrates that a serious problem of unequal valuation of real property in Kootenai County existed and the State Tax Commission ordered Kootenai County to revalue the real property within the county by 1979, to comply with I.C. § 63–221. We, therefore, hold that the Hoagland contracts at issue herein are not void as violative of Art. 8, § 3 of the Idaho Constitution. The expenditures at issue here were not only ordinary and necessary and authorized by the general laws of the state, but were required and mandated. Plaintiffs-appellants assert that *Dexter Horton Trust & Savings Bank v. Clearwater County,* 235 F. 743, aff'd, 248 F. 401 (1914), dictates a contrary result. That case demonstrates only that a federal court in other days and other ways interpreted our constitution in a fashion inconsistent with the present interpretation of this Court.

Count four of plaintiffs-appellants' complaint alleges that the Hoagland contracts are void against public policy in that an indemnity clause contained within those contracts "eliminated the legal rights and remedies of Kootenai County in relation to any breach of contract, negligence, misfeasance, or malfeasance of, or on behalf of, defendants," Hoagland. The contract provided, "the county shall indemnify, hold harmless, and relieve appraiser, his agents, employees, heirs or assigns of any financial responsibility in connection with any claim or suit filed that pertains to the reappraisal program and the functions and duties of the appraiser pursuant to this agreement." Plaintiffs-appellants also argue that such indemnity clause is violative of Art. 8, § 3 of the Idaho Constitution in that it creates an unlimited liability on the county without the assent of two-thirds of the voters. We disagree. Plaintiffs-appellants argue that "the county has opened the door to assumption by the taxpayers of an unlimited liability and has removed from the shoulders of the appraisal firm any responsibility for negligent, grossly negligent, reckless, and even intentional acts that might cause injury to some third persons."

We do not and will not adopt plaintiffs-appellants' assumption that the indemnification clause covers and protects against

every conceivable liability to which Hoagland might be subject. If the scope and coverage of that clause is ever litigated, we assume and are confident that the court so involved will give it a reasonable construction. *See, e.g., Shirley v. National Applicators of California, Inc.,* 115 Ariz. 521, 566 P.2d 322 (Ariz.Ct.App.1977); *Herman Chanen Const. Co. v. Guy Apple Masonry Contractors, Inc.,* 9 Ariz.App. 445, 453 P.2d 541 (Ariz.Ct.App.1969). We need not decide the precise scope of that indemnity clause, but it is sufficient to note that Idaho courts will not enforce contractual terms which limit a party's right to sue under the contract. I.C. § 29–110. Further, we will not speculate, and the record discloses nothing to indicate, that the parties to the contract intended an unlawful construction. On the contrary, courts will presume parties to a contract intended a lawful construction thereof. *Tri-County Elec. Ass'n, Inc. v. City of Gillette,* 584 P.2d 995 (Wyo.1978); *Redke v. Silvertrust,* 6 Cal.3d 94, 98 Cal.Rptr. 293, 490 P.2d 805 (Cal.1971), *cert. denied* 405 U.S. 1041, 92 S.Ct. 1316, 31 L.Ed.2d 583 (1972); *W.R. Hall Transp. & Storage Co. v. Gunnison Mining Co.,* 154 Colo. 72, 388 P.2d 768 (Colo.1964). We affirm the district court's grant of summary judgment as to counts two and four of plaintiffs-appellants' complaint.

■ Count three of plaintiffs-appellants' complaint alleges that the Hoagland contracts are void because the contracts were not granted as a result of public bidding. An exception to the requirement that county expenditures exceeding a certain sum be let through public bidding is provided by I.C. § 31–4002, *i.e.,* " 'expenditure' does not include disbursement of county funds ... to any person performing personal services for the county." We hold that the term "personal services," as contained in I.C. § 31–4002, encompasses at a minimum those services which require some special skill or technical learning.

It appears irrelevant whether the contract would be performed by more than one person, *Mongiovi v. Doerner,* 24 Or.App. 639, 546 P.2d 1110 (Or.Ct.App.1976), or that there are others capable of doing the work, *Harper v. Thompson,* 280 S.W. 861 (Tex.Civ. App.1926). The great weight of authority indicates that a contract providing for the appraisal of real property involves such "personal services" as require special skill or technical learning and is exempt from public bidding requirements. *Parker v. Panama City,* 151 So.2d 469 (Fla.Dist.Ct. App.1963); *Hellman v. St. Louis County,* 302 S.W.2d 911 (Mo.1957); *Alexander v. Mayor & Board of Alderman of City of Notchez,* 219 Miss. 78, 68 So.2d 434 (Miss. 1953); *Roper v. Hall,* 280 S.W. 289 (Tex.Civ. App.1925). *See also* 64 Am.Jur.2d, Public Works & Contracts, § 43 (1972).

■ Count eleven of plaintiffs' complaint alleges that the Board of Commissioners of Kootenai County failed to comply with the requirements of I.C. § 31–819 by publishing a statement giving notice to the public "of all its acts and proceedings ...," *i.e.,* of its execution of the Hoagland contracts. Appellant argues therefrom that the acts of the county commissioners are invalid, that the contracts are void and "as a result, since appraiser Hoagland's input concerning the 1978 taxes was based on his performance under a void contract, such 1978 assessments are also void." We do not agree.

Appellant relies heavily on the case of *Nicholas v. Bodine,* 92 Idaho 639, 448 P.2d 645 (1968), for his assertion that failure of the required statutory publication renders the Hoagland contracts void. We find *Nicholas* to be inapposite to the case at bar. Although the Court in *Nicholas* noted the requirements of I.C. § 31–819 and considered the matter an appeal from an action of the Board of County Commissioners, the case was decided on the basis of the trial court's findings of fact as to whether an abandoned bridge was unnecessary. We find no holding therein that noncompliance with the publication statute per se results in the actions of the county commissioners being completely void.

Likewise, our research indicates no Idaho case specifically so holding. In fact, the sparse case interpretation of I.C. § 31–819 would indicate that at most non-compliance

with the statute merely extends the time within which an appeal may be taken from the actions of the County Commissioners. *See Ravenscraft v. Board of Commissioners, Blaine County,* 5 Idaho 178, 47 P. 942 (1897). That time for appeal is otherwise restricted to twenty days following the publication. I.C. § 31–1509.

We deem the strictures of I.C. § 31–819, when construed in pari materia with I.C. § 31–1509, to require the publication of the acts of boards of county commissioners to the end that persons aggrieved by such actions may have the opportunity to bring an appeal to the district courts and the time for bringing such appeals is limited. In the instant case there is no showing nor assertion that the appellants have been aggrieved or prejudiced by the asserted failure of publication. To the contrary, their appeal has been taken to the district court and that appeal has been entertained. No assertion is made that the appeal to the district court was not timely in nature. *See* also, *Harrison v. Board of County Commissioners of Bannock County,* 68 Idaho 463, 198 P.2d 1013 (1948); *Weisgerber v. Nez Perce County,* 33 Idaho 670, 197 P. 562 (1921).

Even assuming that the asserted lack of publication somehow renders the Hoagland contracts "void," we reject as invalid appellants' quantum leap in logic to a conclusion that the information secured by the county under such contract could not and cannot be used and hence the 1978 tax assessments are void. Appellant cites no authority in support of that assertion and our research discloses none.

We turn now to the final issue properly certified for decision of this Court, *i.e.,* the demand by taxpayers for a jury trial in this action seeking essentially a countywide tax rollback and refund. We hold the district court did not err in denying a jury trial.

■ The right to a jury trial in civil actions in state courts is a matter of state law since the Seventh Amendment to the United States Constitution has never been held applicable to the states to require a jury trial in civil actions. *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). We are cited to no authority that federal statutory claims such as the 42 U.S.C. § 1983 count in the instant action need be treated any differently when heard in state courts. In fact, those litigating § 1983 actions in federal courts have no right to a jury trial when the nature of their claim is such that a jury is not required to hear the case. Hence, § 1983 actions for relief in federal courts often do not require jury trial. *Hodges v. Tomberlin,* 510 F.Supp. 1280 (S.D.Ga.1980); *Gerrin v. Hickey,* 464 F.Supp. 276 (E.D.Ark.1979); *Harkless v. Sweeney Independent School Dist.,* 427 F.2d 319 (5th Cir.1970), *cert. denied,* 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971); *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (5th Cir.1969). We further note that federal courts have consistently noted that there is no Seventh Amendment right to a jury trial "preserved" regarding suits by taxpayers for tax refunds. *Wickwire v. Reinecke,* 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184 (1927); *Blackburn v. C.I.R.,* 681 F.2d 461 (6th Cir. 1982); *Malajalian v. United States,* 504 F.2d 842 (1st Cir.1974). It appears that a federal taxpayer's right to a jury trial in a tax refund suit is purely statutory under 28 U.S.C. § 2402 and 28 U.S.C. § 1346(a)(1).

■ The Idaho Const., Art. 1, § 7, states that "the right to trial by jury shall remain inviolate," which has been held to mean that the right to trial by a jury in Idaho is preserved as it existed at the adoption of our constitution. *Anderson v. Whipple,* 71 Idaho 112, 227 P.2d 351 (1951); *Christensen v. Hollingsworth,* 6 Idaho 87, 53 P. 211 (1898). We have been cited to no authority and have found none indicating that a right to jury trial in taxpayers' refund actions has ever existed at common law in Idaho or elsewhere, just as there is no federal constitutional right to a jury trial for tax refunds. *Wickwire v. Reinecke,* 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184 (1927); *Blackburn v. C.I.R.,* 681 F.2d 461 (6th Cir.1982); *Malajalian v. United States,* 504 F.2d 842 (1st Cir.1974). We hold that there is no state constitutional right to a jury trial in a taxpayer's refund action. *See C.W. Matthews*

Contracting Co., Inc. v. S.C. Tax Com'n, 267 S.C. 548, 230 S.E.2d 223 (S.C.1976); *State Dept. of Taxes v. Tri-State Industrial Laundries, Inc.*, 138 Vt. 292, 415 A.2d 216 (Vt. 1980). Finally, we reject plaintiffs-appellants' assertion that tax refund suits are somehow analogous to actions on a debt which requires jury trial. *Olshausen v. C.I.R.*, 273 F.2d 23 (9th Cir.1959), *cert. denied*, 363 U.S. 820, 80 S.Ct. 1256, 4 L.Ed.2d 1517 (1960).

Therefore, if there be a right to a jury trial and taxpayers' suits in Idaho, its basis must be statutory and we are cited to no statutory requirement therefor. I.C. § 63–3812(c), which governs taxpayer appeals from decisions of the board of tax appeals, provides that such appeal shall be heard in a trial de novo in district court without a jury. If nothing else, I.C. § 63–3812(c) seems to express a legislative policy that taxpayers' appeals in general should be heard by a court sitting without a jury.

In summary, we affirm the summary judgments entered in favor of defendants-respondents on counts two, three, four, seven and eleven of plaintiffs-appellants' complaint, and the denial of plaintiffs-appellants' motion for a jury trial. Other matters briefed and argued by the parties do not involve "final judgments" as required by I.R.C.P. 54(b), and therefore, if so certified by the trial court, such certification was improper and we do not consider those asserted issues. *Pichon v. Broekemeir*, 99 Idaho 598, 586 P.2d 1042 (1978).

Costs to respondents. No attorney's fees on appeal.

DONALDSON, C.J., BAKES, J., and SCOGGIN, J. Pro Tem., concur.

HUNTLEY, J., concurs in the result.