688 P.2d 1163

**IDAHO STATE TAX COMMISSION,**
Plaintiff-Respondent,

v.

**James E. PAYTON,**
Defendant-Appellant.

No. 15191.

Supreme Court of Idaho.

Sept. 19, 1984.

James E. Payton, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., William A. Von Tagen, Deputy Atty. Gen., Boise, for plaintiff-respondent.

HUNTLEY, Justice.

James E. Payton, a pharmacist employed by Payless Drugs, failed to file state income tax returns for the years 1980 and 1981. W-2 forms filed by Payton's employer established that he earned in excess of $25,000 in 1980, and over $27,000 in 1981. The state income tax withholding for those two years was $54.94 for 1980 and only $.38 for 1981. After the Idaho State Tax Commission sent a demand letter to Mr. Payton and received no response, it brought this action, a Petition for a Writ of Mandate pursuant to I.C. § 63–3030A. After a hearing on the matter, at which both parties presented oral argument and were allowed to file briefs (Mr. Payton acting pro se), the district court issued the Writ of Mandate commanding Mr. Payton to file a valid tax return no later than June 30, 1983. Mr. Payton took this appeal.

Appellant raises numerous issues on appeal. His main arguments can be summarized in the following four points:

(1) Wages are not income within the meaning of the income tax statute;

(2) Imposition of a tax on income, including a tax on wages, is prohibited by the Idaho and United States Constitutions;

(3) A Writ of Mandate is not the proper remedy in a case where a person required

to make an income tax return has not filed such a return with the Idaho State Tax Commission; and,

(4) The issuance of a Writ of Mandate compelling appellant to file an income tax return violates his Fourth and Fifth Amendment rights.

We address each question in turn.

■ The fact that wages constitute income is settled law. *Mitchell v. Agents of the State of Idaho,* 105 Idaho 419, 670 P.2d 520 (1983); *United States v. Lawson,* 670 F.2d 923 (10th Cir.1982); 26 U.S.C. §§ 61, 63; I.C. § 63–3022.

■ Appellant's contention that the imposition of an income tax is prohibited by the Idaho and United States Constitutions is also without merit. In *Shaffer v. Carter,* 252 U.S. 37, 40 S.Ct. 221, 64 L.Ed. 445 (1920), the United States Supreme Court ruled:

> The rights of the several states to exercise the widest liberty with respect to the imposition of internal taxes always has been recognized in the decisions of this court ....
>
> That a State may tax callings and occupations as well as persons and property has long been recognized .... "Unless restrained by provisions of the federal Constitution, the power of the state as to the mode, form, and extent of taxation is unlimited, where the subjects to which it applies are within her jurisdiction." (Citations omitted).
>
> And we deem it clear, upon principle as well as authority, that ... a state may impose general income taxes upon its own citizens and residents whose persons are subject to its control .... 252 U.S. at 51–52, 40 S.Ct. at 225.

Hence, a state imposed income tax does not violate the Federal Constitution.

■ Moreover, the Idaho Constitution accords the legislature substantial discretion in matters of taxation and contains no provision specifically prohibiting a state income tax. Idaho has rejected the argument that because the income tax is not among the taxes specifically enumerated in article 7, section 2 of the Idaho Constitution it is thereby prohibited. In *Diefendorf v. Gallet,* 51 Idaho 619, 10 P.2d 307 (1932) this Court ruled that the Idaho Income Tax Statute was constitutional. We stated "it is not necessary that the constitution expressly authorize the legislature to enact each and every kind of tax adopted by it. An act is legal when the Constitution contains no prohibition against it." 51 Idaho at 637, 10 P.2d 307.

■ It is also clear that a Writ of Mandate is the proper remedy in a case where a person required to make an income tax return has not filed such a return with the Idaho State Tax Commission. I.C. § 63–3030A requires the issuance of a Writ of Mandate to enforce the filing requirement when an individual falls within the purview of I.C. § 63–3030A which sets forth who is obligated to file an Idaho state income tax return. *Mitchell v. Agents of the State of Idaho, supra* 105 Idaho 419, 670 P.2d 520.

■ Further, unspecific claims that the filing of a tax return may be self-incriminatory do not justify a refusal to file. Just as a witness cannot refuse to testify on the ground that he will incriminate himself by committing perjury if he does, taxpayers cannot refuse to file income tax returns on the ground that they contemplate committing a crime, such as filing a criminally evasive or fraudulent return. *Department of Revenue v. McCann,* 293 Or. 522, 651 P.2d 717 (1982); *Department of Revenue v. Welch,* 293 Or. 530, 651 P.2d 721 (1982). Appellant's broad assertion that his Fifth Amendment rights would be infringed if he is compelled to file a return is totally unsubstantiated.

■ Moreover, appellant has shown no privacy or other Fourth Amendment right violated by the Writ of Mandate.

We have considered appellant's further arguments and deem them to be sufficiently frivolous so as to merit summary rejection.

The judgment of the district court is hereby affirmed.

Costs and attorneys fees to respondent.

DONALDSON, C.J., and SHEPARD, BAKES and BISTLINE, JJ., concur.