714 P.2d 82

**Wade L. BILLS, Plaintiff-Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF REVENUE AND TAXATION, Defendant-Respondent.**

**No. 15991.**

Court of Appeals of Idaho.

Jan. 30, 1986.

Petition for Review Denied March 31, 1986.

Wade L. Bills, pro se.

Jim Jones, Atty. Gen., Theodore V. Spangler and Shad D. Priest, Deputy Attys. Gen. (argued), Boise, for defendant-respondent.

WALTERS, Chief Judge.

When the state tax commission garnished Wade Bills' wages in order to collect

unpaid income taxes, Bills filed an action in district court, claiming the commission's administrative garnishment procedure violated his right to due process. Following a hearing, the court denied relief to Bills, and Bills appeals. We uphold the district court's refusal to interfere with the garnishment process in this case.

The issues raised by Bills concern the authority of the state tax commission to administratively garnish wages as a method of collecting unpaid income taxes. Bills argues that garnishment is a procedure which can only be utilized to collect a debt through execution on a judgment issued by a court. He also relies on the broad proposition that prejudgment attachments or garnishments, issued without notice to the debtor and without opportunity for the debtor to be heard prior to the issuance, are illegal as a denial of due process. He concludes that because the debt claimed by the commission was not first reduced to a judgment, he has been deprived of due process. As an alternative theory, Bills submits that any statutes allowing summary garnishment by the commission without first reducing the debt to a judgment are an invalid grant of judicial power to an administrative agency.

Resolution of Bills' contentions entails consideration of certain principles relating to taxation in general, to income taxation in particular, and to the procedure followed in Bills' case. It is well established that the power of taxation is peculiarly and exclusively legislative. *Meriwether v. Garrett*, 12 Otto 472, 102 U.S. 472, 26 L.Ed. 197 (1880). Consequently, the power of taxation falls to the legislature without special assignment as a part of the more general power of lawmaking. See cases cited in 71 AM.JUR.2d *State and Local Taxation* § 72, at 398 (1973). Many years ago, the Idaho Supreme Court recognized that in matters of taxation:

The legislature possesses plenary power, except as such power may be limited or restricted by the constitution. It is not necessary that the constitution shall contain a grant of power to the legislature to deal with the question of taxation. It is sufficient proof of its power if there be found in the constitution no prohibition against what the legislature has attempted to do.

*Achenbach v. Kincaid*, 25 Idaho 768, 781, 140 P. 529, 533 (1914); *In Re Kessler*, 26 Idaho 764, 770, 146 P. 113, 114 (1915). Consistent with our Supreme Court's observation, it is generally recognized:

Subject to constitutional restrictions and the provisions of any contracts entered into by the legislature, the power, control, and discretion vested in the legislature in respect of the subject of taxes and taxation are broad, plenary, unlimited, and supreme, and its action with respect thereto, even if arbitrary, discriminating, and unreasonable, is binding upon all persons and property subject to its jurisdiction. Consequently, all questions as to the mode, form, and extent of taxation, the subjects and apportionment thereof, the necessary rules and regulations with respect thereto, manner, means, and agencies of collection, and all other incidents of the exercise of the taxing power are for the lawmaking body. [Footnotes omitted.]

71 AM.JUR.2d *State and Local Taxation* § 73, at 398–99 (1973). In 1913 the United States Supreme Court considered the validity of a statute in the state of Vermont under which banks were required to forward directly to the state the amount of taxes assessed against the accounts of depositors with the banks. In holding that the statute was a proper exercise of the state's taxing power, the Court noted:

It cannot be doubted that the property being taxable, the State could provide, in order to secure the collection of a valid tax upon such credits, for garnishment or trustee process against the bank or in effect constitute the bank its agent to collect the tax from the individual depositors. [Citations omitted.]

*Clement National Bank v. State of Vermont*, 231 U.S. 120, 140, 34 S.Ct. 31, 37, 58 L.Ed. 147 (1913).

In 1931 the Idaho legislature adopted an income tax system under the revenue raising power vested in the legislature by the Idaho Constitution. *See* 1931 Idaho Sess. Laws (extraordinary session), ch. 2 (p. 6). The authority of the legislature to enact the income tax law and the constitutionality of that law, under both the federal and state constitutions, were upheld in *Diefendorf v. Gallet,* 51 Idaho 619, 10 P.2d 307 (1932). The income tax law was extensively revised in 1959 to make the Idaho law identical to the federal Internal Revenue Code, in so far as possible. 1959 Idaho Sess.Laws, ch. 299 (p. 613). The constitutionality of the current state income tax law was most recently upheld in *Idaho State Tax Commission v. Payton,* 107 Idaho 258, 688 P.2d 1163 (1984). The details of the law, pertinent to the case before us, will be noted as we next discuss the facts of this case.

Wade Bills of Pocatello failed to file completed income tax returns with the State of Idaho for the years 1979, 1980, 1981 and 1982. The returns filed by Bills did not contain figures or calculations where called for on the tax return forms; instead, Bills inserted the words "object—self incrimination." [1] Upon receipt of these returns, an auditor with the state Department of Revenue and Taxation undertook to determine the tax due for each of the years in question, using information obtained from Bills' employer.[2] I.C. §§ 63–3040, 63–3042.

Once the amount of unpaid taxes, together with applicable interest and penalties, was determined by the auditor, Bills was notified by the department of the deficiency. I.C. § 63–3045. Bills filed a "notice of protest" and exercised his opportunity to

dispute the auditor's determination. The deficiency and objections voiced by Bills were reviewed and considered by the state tax commission. I.C. § 63–3045. The commission upheld the deficiency determination. Bills was notified by the commission that he could either appeal the commission's decision to the Board of Tax Appeals, or he could file suit in district court for review of the commission's determination, but that either option must be pursued within thirty days. I.C. § 63–3049. Bills did not pursue either recourse. After the time for appeal or judicial review had expired, the commission began issuing successive collection warrants which were served on Bills' employer, garnishing Bills' wages. I.C. § 63–3060. When all but a portion of the deficiency for 1982 had been collected through the garnishment process, Bills filed the present suit in district court to contest the garnishment procedure.

The district court found that none of the procedures conducted by the tax commission were improper. The court found that Bills had been afforded the opportunity for a fair hearing and due process of law. The court found that Bills had failed to exercise his right either to appeal or to seek judicial review of the determination made by the tax commission. The court concluded that none of Bills' constitutional rights or privileges were abridged. Consequently, the court dismissed Bills' suit, precipitating this appeal.

The record in this case demonstrates that the tax commission complied with all statutory requirements in arriving at the amount due from Bills for his income taxes. Bills does not contend otherwise. In-

**1.** *Compare Idaho State Tax Commission v. Payton, supra,* ("unspecific claims that the filing of a tax return may be self-incriminatory do not justify a refusal to file [the return].") 107 Idaho at 259, 688 P.2d at 1164.

**2.** Bills was employed as a conductor by the Union Pacific Railroad. His gross earnings, as determined by the auditor from W–2 forms supplied by the railroad, were:

1979—$34,054.00   1981—$36,934.00
1980—$38,763.00   1982—$55,000.00

As calculated by the auditor, Bills' gross taxable income for each year in question exceeded the threshold amount required for the filing of a state income tax return. *See* I.C. § 63–3030 (am. 1973, ch. 100, § 1, at 169; am. 1981, ch. 291, § 1, at 610). That wages constitute income is settled law. *Idaho State Tax Commission v. Payton, supra,* (*citing Mitchell v. Agents of the State of Idaho,* 105 Idaho 419, 670 P.2d 520 (1983) *and United States v. Lawson,* 670 F.2d 923 (10th Cir. 1982)).

stead, he attacks the process utilized by the commission in satisfying the deficiency.

■ As noted earlier, the levy and collection of taxes is a matter resting solely within the control of the legislative branch of the government. The legislature, having the sole power to authorize a tax, must equally possess the sole power to prescribe the means by which the tax shall be collected. *Meriwether v. Garrett*, 12 Otto 472, 102 U.S. 472, 26 L.Ed. 197 (1880). The Idaho state tax commission is a constitutional body existing under art. 7, § 12 of the state constitution, with such powers and duties as may be prescribed by the legislature. *Idaho State Tax Commission v. Staker*, 104 Idaho 734, 663 P.2d 270 (1982); *Abbott v. State Tax Commission*, 88 Idaho 200, 398 P.2d 221 (1965). I.C. § 63–3060 allows the commission to issue a warrant for the collection of taxes, including interest and penalties, directed to any sheriff, constable or deputy, which warrant "shall have the same force and effect as a writ of execution." [3]

■ We believe the grant of authority by the legislature to the tax commission to use the garnishment process employed in this case falls within the power of the legislature. In response to Bills' contentions, we take guidance from a recent decision of the United States Supreme Court addressing the use of a collection process in the state of California, similar to the garnishment in this case. In *Franchise Tax Board of California v. United States Postal Service*, 467 U.S. 512, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984), the Court was confronted with an administrative order issued by the California Tax Board requiring the Postal Service to withhold the amount of delinquent state income taxes from wages due postal employees, and to transmit the funds to the state tax board.[4] The delinquency was assessed after notice and opportunity for hearing was afforded to the taxpayers. The United States Supreme Court ruled that the California collection procedure was valid. The Court said:

> The operation of California's tax collection process makes it clear that there is no meaningful difference between an order to withhold issued by the Board and a garnishment order issued by a court. Under state law an assessment that has been validly made against a taxpayer operates to impose an absolute liability for the tax that may not be contested except in an action seeking refund of amounts already paid. Indeed state law is unequivocal in requiring employers to honor orders to withhold—no defense is permitted. Thus, a California tax assessment, like a federal tax assessment, operates in a way that is functionally indistinguishable from the judgment of a court of law; it creates an absolute legal obligation to make payment by a date certain:
>
> > "Once the tax is assessed the taxpayer will owe the sovereign the amount when the date fixed by law for payment arrives. Default in meeting the obligations calls for some procedure whereby payment can be enforced. The statute might remit the Government to an action at law wherein the taxpayer could offer such defense as he had. A judgment against him

---

3. The statutory provisions relating to writs of execution are codified in Chapters 1 through 6, Title 11, Idaho Code. Garnishment is a procedure through which the earnings of an individual are required to be held for the payment of a debt, under execution. I.C. § 11–206. Wages are not exempt from garnishment for "any debt due for any state or federal tax." I.C. § 11–207(2).

4. "[T]he [California] Revenue and Taxation Code ... provide[s] state taxing agencies with two separate and distinct procedures for the collection of unpaid, delinquent taxes:

(1) The taxing agency may issue a warrant to a sheriff, constable, or marshal which has the same effect as a writ of execution.
(2) The agency may issue a notice or order to withhold to any person, who has in his possession or control any credit or other property of value, belonging to the tax debtor, directing such person to withhold and transmit the credit or property to the taxing agency."
*Greene v. Franchise Tax Board*, 27 Cal.App.3d 38, 42, 103 Cal.Rptr. 483, 485 (1972).

might be collected by the levy of an execution. But taxes are the life-blood of government, and their prompt and certain availability an imperious need. Time out of mind, therefore, the sovereign has resorted to more drastic means of collection. The assessment is given the force of a judgment, and if the amount assessed is not paid when due, administrative officials may seize the debtor's property to satisfy the debt." *Bull v. United States*, 295 U.S. 247, 259–260, 55 S.Ct. 695, 699, 79 L.Ed. 1421 (1935).

Thus, in operation and effect the Board's orders to withhold are identical to the judgment of a court. They give rise to a binding legal obligation to pay the assessed amounts; the taxpayer may no more dispute this liability than the liability under any other judgment. [Footnotes omitted.]

467 U.S. at 522–25, 104 S.Ct. at 2555–56, 81 L.Ed.2d at 454–56.

▉ Consistent with the Supreme Court's ruling, we hold that the Idaho Tax Commission's administrative garnishment was not invalid. The procedure was established by the legislature and was clearly within the power of the legislature in exercising its authority to levy and collect taxes. It was not an usurpation of any judicial power.

▉ From another perspective, Bills also contends that because the administrative garnishment was conducted without first obtaining a judgment from a court, the procedure constituted a prejudgment attachment disapproved in *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). We disagree. It has been held that administrative garnishments to collect taxes are not within the *Sniadach* rule, where the amount of the tax due has been determined after notice to the taxpayer and after affording the taxpayer a reasonable opportunity to be heard concerning the alleged deficiency. *See Randall v. Franchise Tax Board of the State of California*, 453 F.2d 381 (9th Cir. 1971); *Greene v. Franchise Tax*

*Board*, 103 Cal.Rptr. 483, 27 Cal.App.2d 38 (1972). *See also State Tax Commission of Utah v. Hoopes*, 30 Utah 2d 107, 514 P.2d 221 (1973), *cert. denied*, 414 U.S. 1158, 94 S.Ct. 916, 39 L.Ed.2d 110 (1974) (statute allowing tax commission to file a collection warrant with clerk of district court, which shall have the force and effect of a judgment, held not a denial of due process where, prior to such filing, taxpayer was given the right to be heard regarding the determination of his tax and the right to a court review of the commission's determination before the determination became final).

We conclude that the district court did not err in dismissing Bills' action to contest the garnishment proceeding. The order of dismissal is affirmed.

Costs to respondent; no attorney fees on appeal.

BURNETT and SWANSTROM, JJ., concur.