716 P.2d 1344

**Robert PARSONS, Plaintiff-Appellant,**

v.

**IDAHO STATE TAX COMMISSION, DEPARTMENT OF REVENUE AND TAXATION; State of Idaho, Defendant-Respondent.**

No. 15935.

Court of Appeals of Idaho.

March 21, 1986.

Robert Parsons, pro se.

Jim Jones, Atty. Gen., Shad D. Priest, Deputy Atty. Gen., Boise, for defendant-respondent.

WALTERS, Chief Judge.

Robert Parsons asks us to review the dismissal of his action to enjoin the Idaho State Tax Commission from collecting an income tax deficiency assessed against him. Parsons alleged that the commission improperly determined his tax liability. After hearing, the district court dismissed Parsons' suit. On appeal, Parsons raises twenty-seven issues which may be summarized into three contentions: (1) the commission erred in determining that Parsons was liable for a 1981 income tax deficiency; (2) the commission's determination and collection of the deficiency violated his right to due process; and (3) the district court erred in not impaneling a grand jury to investigate alleged criminal violations committed by the tax commission. We affirm the dismissal of Parsons' action.

The record reveals the following facts. Parsons filed his state income tax return for 1981, seeking a refund of $179.67 which had been withheld by his employer as state income taxes. He refused to answer certain questions on the return, inserting, instead, the words "Object-Self Incrimination" where entries should be made in order to calculate the amount of taxes due. The W-2 form attached to the return indicated that Parsons had received $14,423.88 in wages from his employer. An auditor with the commission then computed Parsons' income tax and determined that there was a deficiency. I.C. §§ 63-3040, -3042. The commission sent a Notice of Deficiency to Parsons, outlining his right to dispute the deficiency determination. The notice provided that he could file a written protest with the commission or file a complaint in the district court within thirty days. I.C. § 63-3045. Parsons sent a letter to the

commission complaining of its actions. This letter was treated by the commission as a protest of the deficiency. The commission upheld and made final the deficiency determination and again Parsons was advised of his right to a subsequent judicial review if properly requested within thirty days. I.C. § 63–3049. Parsons did not seek such a review within the prescribed time. He instituted this action nearly nine months later when the commission garnished his wages to collect the deficiency.

Parsons filed suit, requesting an injunction against the commission to preclude it from collecting the deficiency. Parsons later complained that (1) the commission did not establish that he had incurred a tax liability; (2) the commission's collection procedures violated his right to due process; (3) the commission's tax lien attempted to extort money from him; and (4) the commission's conduct violated his civil rights, giving him a cause of action under 42 U.S.C. §§ 1983, 1985, 1986.[1] Based on these allegations, Parsons also requested a grand jury investigation. Furthermore, Parsons sought return of the funds that, in the meantime, had been received by the tax commission from Parsons' employer as a result of the garnishment process. The commission moved to dismiss Parsons' action for failure to state a claim. I.R.C.P. 12(b).

The district court treated the commission's motion to dismiss as a motion for summary judgment. I.R.C.P. 12(b). After discovery and two hearings, the court ruled that Parsons had failed to request a timely judicial review of the commission's final decision. The court concluded that Parsons

had the chance to protest his taxes and argue his position *before* the taxes became due and payable. He chose not to

avail himself of this statutory right. He also chose not to immediately file suit in state court, even though he was informed of his right to do so. [Emphasis original.]

Parsons then petitioned the court to reconsider its dismissal order. The court reaffirmed its previous ruling. The court also determined that Parsons' assertion— "that money which he earned while working ... was not income, but rather, was property"—was not legally sound. Further, because Parsons' tax issues were frivolous, the court found that "[p]ublic interest does not require summoning a grand jury."

I

■ Parsons first contends that he had no "income" for 1981 which would subject him to any income tax liability. An interrogatory propounded by Parsons requested the tax commission to state what it believed to be Parsons' "source of income." The commission replied that Parsons' "income consisted of wages in the amount of $14,423.88.... [T]hese wages were paid for services performed" by Parsons. It is not controverted that Parsons' wages were earned in Idaho. Before the district court and again in this appeal, Parsons disputes that his wages constitute a "source of income." Parsons asserts that he has never "derived a profit or a gain from the wages that the State Tax Commission is pleading is [my] SOLE SOURCE OF INCOME." (Capitalization original). He argues that because he has not received a "profit or a gain" from his wages, his wages are not "income" subject to taxation. Thus, Parsons insists that there can be no tax deficiency because he had no taxable income.[2]

---

**1.** Section 1983 provides an individual with a cause of action where a person under color of state law deprives another of rights secured by the federal Constitution or the laws of the United States. Section 1985 creates a cause of action where persons conspire to deprive an individual of his civil rights. Section 1986 provides a cause of action against a person who could have reasonably prevented a conspiracy, but failed to do so.

**2.** As a preliminary matter, Parsons also argues that the commission has not "proven by a proponderence [sic] of evidence that [he] did in fact incure [sic] the income tax liability." We disagree with his contention. Whether Parsons earned wages is a question of fact which is not disputed here. Whether wages constitute income is a question of law. As the movant, Parsons must show that the deficiency determination was incorrect. *See Albertson's, Inc. v.*

■ Parsons' assertion that his wages did not represent income, is without merit. Our legislature intended the provisions of the Idaho Income Tax Act to be identical to the Internal Revenue Code, in so far as possible. I.C. § 63–3002. Under the federal statute, gross income is defined as "all income from whatever source derived, including ... [c]ompensation for services, including fees, commissions, and similar items." 26 U.S.C. § 61. As our Supreme Court stated in *Idaho State Tax Commission v. Payton*, "[t]he fact that wages constitute income is settled law." 107 Idaho 258, 259, 688 P.2d 1163, 1164 (1984); *United States v. Lawson*, 670 F.2d 923 (10th Cir.1982).

■ Although the district court found Parsons did not request a judicial review within thirty days, Parsons argues the commission should nonetheless be estopped from asserting that his suit was untimely. He claims the commission "initiated a review" of its redetermination and has yet to issue a final decision which would begin the thirty-day appeal period. He insists that allowing the commission to assert the jurisdictional defect while conducting a review past the thirty-day period, would be to condone the commission's lack of fair dealing.

We are not persuaded. The record in this case does not show that any "review" was either requested by Parsons or granted by the commission. To the contrary, the record shows that the commission entered its *final decision* approving the deficiency determination on August 31, 1983. In response to that decision Parsons wrote to the commission on September 6, informing the commission that he had never "protested" his taxes; that he was satisfied with his 1981 return as filed; that he did not

owe any taxes; and that he would "refile my 1981 return with all questions answered" if the commission would grant him immunity from prosecution by both the state and federal governments. The record further indicates that Parsons again wrote to the commission on February 20, 1984, offering to meet with the commission to determine whether Parsons owed taxes or was entitled to a tax refund. The commission declined Parsons' invitation but instead, on February 28, 1984, served a garnishment notice on Parsons' employer. After Parsons received notice of the impending garnishment he then filed this action in March 1984. The events preceding Parsons' action did not affect the finality of the commission's decision entered on August 31, 1983.

As our Supreme Court stated in *Ware v. Idaho State Tax Commission*, "the performance of a condition [*i.e.*, filing an appeal within thirty days] is *excused* when the nonperformance is brought about by the actions of the adverse party [ (tax commission) ], and this is so even where the condition precedent in question is required by statute." 98 Idaho 477, 483–84, 567 P.2d 423, 429–30 (1977) (emphasis original). *Cf. State v. Adams*, 90 Idaho 195, 202, 409 P.2d 415, 419 (1965) (The commission "is not estopped by previous acts or conduct of its agents with reference to the determination of tax liabilities or by failure to collect the tax, nor will the mistakes or misinformation of its officers estop it from collecting the tax."). However, Parsons has not directed our attention to any such conduct and our review of the record in this case does not reveal any inappropriate conduct by the commission.

---

*State, Department of Revenue,* 106 Idaho 810, 683 P.2d 846 (1984); *American Smelting and Refining Co. v. Idaho State Tax Commission,* 99 Idaho 924, 592 P.2d 39 (1979), *rev'd on other grounds,* 458 U.S. 307, 102 S.Ct. 3103, 73 L.Ed.2d 787 (1982); *Edwards v. Commissioner,* 680 F.2d 1268 (9th Cir.1982) (deficiency assessments are presumptively correct once substantial evidence has been introduced).

Also, Parsons contends he was denied a constitutional right to have his tax liability determined by a jury. However, it appears that no such right exists in Parsons' case. Parsons seeks return of the monies obtained by the administrative garnishment, tantamount to seeking a "tax refund." Neither under the federal Constitution nor under the Idaho Constitution is a taxpayer entitled to a jury trial in a suit to obtain a tax refund. *Coeur d'Alene Lakeshore Owners and Taxpayers, Inc. v. Kootenai County,* 104 Idaho 590, 661 P.2d 756 (1983).

## II

Parsons next asserts that the commission violated his right to due process because it failed to follow lien foreclosure procedures in collecting the deficiency. Parsons maintains that the commission did not obtain a court judgment before foreclosing on its "liens" as provided in I.C. § 63-3056. As Parsons correctly asserts, this section provides that foreclosure on tax liens shall follow the foreclosure procedures relating to mortgaged property as outlined in I.C. §§ 6-101 to -108. However, Parsons' argument misses the mark. In this case, the commission did not attempt to foreclose on any recorded liens but instead administratively garnished Parsons' wages to collect the deficiency. The commission has a number of means at its disposal to collect deficiencies. I.C. §§ 63-3050 to -3060. As we recently stated in *Bills v. State of Idaho, Department of Revenue and Taxation*, 110 Idaho 113, 117, 714 P.2d 82, 86 (Idaho App.1986), the commission's use of an "administrative garnishment was not invalid. The procedure was established by the legislature and was clearly within the power of the legislature in exercising its authority to levy and collect taxes." *See* I.C. § 63-3060. Administrative garnishments to collect tax deficiencies do not violate a taxpayer's right to due process if the taxpayer has been provided notice and a reasonable opportunity to be heard concerning the assessed deficiency. *Id.* The tax commission complied with all statutory requirements in determining and collecting the deficiency. As previously mentioned, Parsons instituted this action nearly nine months after the expiration of his right to judicial review. We agree with the district court that Parsons was afforded due process, but he failed to timely exercise his right to seek judicial review.

## III

Contending the commission improperly seized his wages, Parsons urges that the commission committed criminal acts which would justify the impaneling of a grand jury to investigate such conduct.

He avers that the district court erred in not convening a grand jury and maintains that access to a grand jury is a constitutionally protected common law right. Rule 6, I.Cr.R., provides that a "district judge *may* order one or more grand juries to be summoned at such times as the public interest requires." (Emphasis added); IDAHO CONST. art. 1, § 8 (grand jury may be summoned upon the order of the district court); I.C. § 2-501 (grand juries shall not be summoned unless the district judge so directs). Given the discretionary language contained in our Constitution and Rule, the decision not to call a grand jury falls within the judge's discretionary authority. Such a decision will not be disturbed unless an abuse of discretion has occurred. *In re A & H Transportation, Inc.*, 319 F.2d 69 (4th Cir.), *cert. denied*, 375 U.S. 924, 84 S.Ct. 266, 11 L.Ed.2d 166 (1963); C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2d § 101, at 200 (1982) (Federal Criminal Rule 6(a) gives the court full discretion with regard to when a grand jury is to be convened). "Where the trial court has exercised its discretion after a careful consideration of the relevant factual circumstances and principles of law, and without arbitrary disregard for those facts and principles of justice, that exercise of discretion has not been abused and will not be disturbed." *Decker v. Homeguard Systems, A Division of Intermountain Gas Co.*, 105 Idaho 158, 161, 666 P.2d 1169, 1172 (Ct.App.1983). We conclude that the district court here did not abuse its discretion in denying Parsons' request for a grand jury. The court found Parsons' claims against the commission to be without merit. Further, Parsons has not made any showing that he was barred from the alternative remedy of presenting his evidence to the prosecutor or to the state attorney general's office. If provided with sufficient evidence that the tax commission had engaged in criminal conduct, the appropriate authorities could have filed an information. *State v. Bailey*, 94 Idaho 285, 486 P.2d 998 (1971) (informations are of equal dignity with indictments). Having found Parsons' action meritless, we believe the

district court acted properly in denying Parsons' request for a grand jury investigation.

We have considered Parsons' other arguments and deem them to be significantly frivolous so as to merit summary rejection. Accordingly, we affirm the district court's dismissal of Parsons' suit. The commission has requested attorney fees on appeal under I.C. § 12–121 and I.A.R. 41. With one exception, we deem the issues raised by Parsons on this appeal to be frivolous and without foundation. The only exception relates to the propriety of the administrative garnishment to collect the tax deficiency. Although that issue was settled by our decision in *Bills v. State of Idaho, Department of Revenue and Taxation, supra,* the decision was issued after briefs in the present case had been filed and the case was ripe for submission. We therefore will treat Parsons' contentions regarding the garnishment procedure as nonfrivolous. For this reason we decline to award fees on appeal to the tax commission in this case.

The judgment below is affirmed. Costs to respondent.

BURNETT, J., and McFADDEN, J. Pro Tem., concur.