# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39736

| | | |
|---|---|---|
| IDAHO STATE TAX COMMISSION, | ) | 2013 Unpublished Opinion No. 592 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 26, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SCOTT A. GRUNSTED, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

District court order and peremptory writ of mandate, __affirmed__.

Scott A. Grunsted, Hayden, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; William A. von Tagen, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Scott A. Grunsted appeals from the district court's order and peremptory writ of mandate requiring him to file Idaho income tax returns for the years 2006, 2007, and 2008. We affirm.

## I.

## FACTS AND PROCEDURE

The Idaho State Tax Commission (Commission) determined that Grunsted had not paid his taxes for the years 2006, 2007, and 2008, and filed an action in district court, pursuant to Idaho Code § 63-3030A, to compel Grunsted to file his tax returns for those years. The district court issued an order and alternative writ of mandate requiring Grunsted to file his income tax returns or file an answer showing cause why he is not obligated to do so. Grunsted filed an answer with the district court where he argued that a writ of mandate is not the proper procedure to compel the filing of tax returns and also that he is not obligated to pay income tax in Idaho. After several other proceedings not relevant to this case, the Commission moved for summary

1

judgment requesting the district court to issue a writ of mandate pursuant to I.C. § 63-3030A to compel Grunsted to file his tax returns. Thereafter, Grunsted filed a motion to dismiss the case, arguing that the Fourth and Fifth Amendments and the Due Process Clause of the Fourteenth Amendment of the United States Constitution divest the district court of subject matter jurisdiction to issue a writ of mandate against him. The district court granted the Commission's motion and issued an order and peremptory writ of mandate commanding Grunsted to file Idaho individual income tax returns for the three years in question. Grunsted filed a notice of appeal with the district court as well as a motion to stay the writ of mandate pending decision on appeal. The State had no objection, and the district court granted Grunsted's motion and issued an order staying its peremptory writ of mandate pending decision on appeal.

On appeal, Grunsted formulates four issues; however, his arguments in support thereof are less than clear. The Commission consolidates Grunsted's position into two issues and incorporates the arguments Grunsted presented below. The first is whether the district court had subject matter jurisdiction and whether a writ of mandate is the proper remedy to compel the filing of an Idaho income tax return. The second is whether an Idaho resident, with Idaho source income from wages, is required to file Idaho income tax returns, and whether that income is subject to Idaho income tax. We will consider them in turn.

## II.

## ANALYSIS

Grunsted argues that a writ of mandate is not the proper remedy for compelling an individual to pay taxes because it does not comport with Idaho law, it violates his privacy rights under the Fourth Amendment of the United States Constitution, and it violates his right against self-incrimination under the Fifth Amendment of the United States Constitution. He also asserts that the district court therefore lacked subject matter jurisdiction in his case.

Grunsted's claim that a writ of mandate is not the proper remedy to compel the filing of tax returns is without merit. Idaho Code § 63-3030A confers jurisdiction on district courts to issue writs of mandate to compel the filing of income tax returns for those who have a statutory obligation to file and have failed to do so. It dictates that, upon petition of the state tax commission, a district court shall issue a writ of mandate if a taxpayer has not filed a return within sixty days of the deadline. *Id.* Additionally, the courts in Idaho have repeatedly held that the writ of mandate is the proper remedy for such a case. *E.g.*, *Idaho State Tax Comm'n v.*

2

*Payton*, 107 Idaho 258, 259, 688 P.2d 1163, 1164 (1984); *Mitchell v. Agents of the State of Idaho*, 105 Idaho 419, 425, 670 P.2d 520, 526 (1983). Based on the foregoing authority, Grunsted's failure to file state income tax returns, or to offer a substantial reason for why he has not, justifies the issuance of a peremptory writ of mandate.

Grunsted's claim that the writ of mandate violates his rights under the Fourth and Fifth Amendments is equally unpersuasive. The Idaho Supreme Court has made it clear that an order compelling the filing of income tax returns does not violate either the Fourth or the Fifth Amendment. *Idaho State Tax Comm'n v. Peterson*, 107 Idaho 260, 261, 688 P.2d 1165, 1166 (1984); *Payton*, 107 Idaho at 259, 688 P.2d at 1164. The district court had jurisdiction to issue a writ of mandate as the proper remedy in Grunsted's case.

The next issue before this Court is whether Grunsted is subject to Idaho income taxes. Under I.C. § 63-3011B, Idaho taxable income is the same as taxable income under the Internal Revenue Code (I.R.C.). The I.R.C. defines taxable income as "gross income minus the deductions allowed by this chapter." I.R.C. § 63. It further provides that "gross income means all income from whatever source derived." I.R.C. § 61. Therefore, because Idaho adopts the I.R.C. definitions of taxable income, an Idaho resident is subject to Idaho income tax on income derived from any source. The Idaho Supreme Court has held that wages are clearly income and subject to state income taxes. *Mitchell*, 105 Idaho at 426, 670 P.2d at 527. The W-2 forms in the record show that Grunsted earned wages meeting the minimum requirements for filing state income tax returns for the years 2006-2008.[1] Grunsted has also not provided any credible evidence to establish that his income is exempt from taxation under the Internal Revenue Code or any other law.

Grunsted argued below that because he is not an "employee," as defined by I.R.C. § 3401(c), he does not have income and is therefore not obligated to file Idaho income tax returns. This argument fails for several reasons. First, the above code section merely governs some of the specifics of withholding taxes on employee wages; it does not concern the general liability for income taxes. Additionally, the courts have interpreted the statute to mean that any wage earner is an employee for purposes of that provision. *See United States v. Latham*, 754

---

[1] Grunsted's W-2's indicate that he earned $103,860 for the year 2006; $111,877 for the year 2007; and $119,332 for the year 2008. Idaho Code § 63-3030 requires individuals earning income in the amounts set forth above to file Idaho state income tax returns.

F.2d 747, 750 (7th Cir. 1985); *Chamberlain v. Krysztof*, 617 F. Supp. 491, 495-96 (N.D.N.Y. 1985); *Peth v. Breitzmann*, 611 F. Supp. 50, 53 (E.D. Wis. 1985); *In re Weatherley*, 169 B.R. 555, 560 (Bankr. E.D. Pa. 1994). Finally, for purposes of tax liability, Idaho adopts I.R.C. §§ 61 and 63, which do not require that the taxpayer be an employee, only that the taxpayer have income. The I.R.C. provisions, and Idaho Supreme Court precedents that govern Grunsted's particular case, clearly hold that he is obligated to pay taxes on the wages he earned from 2006-2008. Grunsted has failed to show otherwise.

## III.

## CONCLUSION

The order and peremptory writ of mandate issued by the district court is affirmed. Costs on appeal are awarded to the Commission pursuant to Idaho Appellate Rule 40.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**

4